Chief Justice Robertson
delivered the Opinion of the Court.
Fort sued Estill and wife, in Trover, for a slave named Dick ; and the circuit court having granted a new trial, on the ground that, in the opinion of that court, the evidence was insufficient to sustain the first verdict against the wife, another verdict was rendered, at a subsequent term, against both husband and wife, for five hundred seventy one dollars forty eight cents, in damages ; for which, the court, after overruling a motion for another new trial, gave judgment: to reverse which, this writ of error is prosecuted.
The counsel for the plaintiffs urges four principal grounds for reversing the judgment -. — first, that the declaration, containing two counts, one for a conversion by the husband and wife, the second for a con ver» *238 sion by the wife alone, is insufficient, because, as the counsel insists, there cannot be a joint conversion by the husband and the wife ; and, therefore, as, in that view, the first count sets out a cause of action against the husband alone, it could not be properly joined with the other count, containing a cause of action against the husband and wife jointly ; second, that the circuit judge erred in rejecting evidence; third, that lie also erred in instructing the jury ; and, fourth, that the evidence did not authorize the verdict.
Husband fy wife may be jorntly guilty of a tort, trespass, or tortious conversion of a chattel.
A conversion by a wife, is a conversion to the husband’s use: and he only can be sued for it. Where the conversion was by both ■jointly, he alone, or both jointly, may be sued. If they are joined, the dec’n must alie:' e that the conversion was (not to their, hut) to his use.
The counsel for the defendant in error endeavors, of course, to maintain the converse of all. these propositions ; and also insists, that no error in the judgment should be available to the plaintiffs, because, as he argues, the circuit court erred in setting aside the first verdict.
Eacli of the points, thus presented, will be briefly considered, in the order in which they have been stated.
I. The first position assumed by the counsel for the plaintiffs, may be made quite imposing by argument, and by respectable dicta of learned judges. . But the weight of authority preponderates decidedly against it. It is indisputable, that the wife may, in conjunction with her husband, be guilty of a tort or trespass ; and it would seem to be fairly inferrible by analogy, and to be well settled by authority, that they may be jointly guilty of a tortious conversion of a chattel.
If the conversion be, in fact, by the wife alone, it is deemed a conversion to the use of the husband only, and should be so declared on. So, if the conversion, in fact, be, as it may be, the joint act of both husband and wife, it is deemed in law the husband’s act; and consequently, he may be sued alone. 2 Saunders’ Rep. Note, 47, h. But it is conclusively settled by adjudged cases of controlling authority, that, in this latter class of cases also, the wife may be sued jointly with her husband ; though in this, as in the former class, the declaration should charge the conversion to have been to the use of the husband, and not ad usuni ipsonrn. 2 Saunders, supra, and the authorities there cited. *239 Com. Dig. title Baron and Feme Y., 1st Am. Ed. 234. Ib. title Pleader, 2 A. 2, 297. 1 Sel. N. P. 220.
A count,in trover, charging a conversion by husband #-wifo, to his use, and one charging a conversion by the wife alone,, may be joined. If there be one count good, in trover, (though the others maybe bad,) it will sustain a general verdict..
Facts agreed — • that a slave was taken from the plaintiff in trover, “at the,instance” of the def’ts^-a husband and wife, who ‘about that time received, and continued to hold, possession of the slave, exercising acts of ownership oveV him.’ Defendants offered to prove, that the husband, while his wife was in Ken., obtained possession of the slave in S. C. andbro’t him home: held that this evidence was erroneously rejected, — as it conduced to show, that the conversion was by the husband alone, and also tended to illustrate the agreed case.
In this case, the declaration charges the conversion to have been tiie joint act of Estill and wife, to his use; and consequently, that count must, upon authority, be deemed good, and such as may be properly joined with the second count, charging a conversion by the wife alone. Whether the second count, charging the conversion to the use of husband and wife, should have been deemed good after verdict, had there been no other count, we need not intimate, because, as the first count is sufficient, and the verdict is general, the insufficiency of the other count is immaterial
II. After it had been agreed between the parties, that the slave had been “ taken” from the defendant, “ at the instance” of the plaintiffs, and that they, “ about the same time, got possession” of him, .and “ continued to hold possession, exercising acts of ownership over him,” they offered to prove that, whilst Mrs. Estill was in Kentucky, her husband having in some way obtained possession of the slave in • South Carolina, where the defendant lived, brought him to this state. But the circuit judge, deeming such facts inadmissible, refused to permit the proof of them. .In this, we think, there was error. First: the rejected facts are not inconsistent with the agreed facts; for although, as admitted and agreed, the slave- may have been taken from the defendant, at the “instance” of the plaintiffs, nevertheless, it may also be a fact, that he was, in the absence of both Estill and his wife, taken by a stranger, at their joint request, afterwards delivered to Estill, and, by him, brought home to Kentucky, without, the personal cooperation of his wife. Second: the rejected facts were relevant, and might have been important. Though the general fact, that the slave had been taken at “ the instance” of the plaintiffs, rather imports that he was taken without the personal presence or cooperation of either the husband or the wife, yet the language used in the agreed case i.s. somewhat indeterminate, and the rejected evidence Avould have tended to render certain that which might otherwise be uncertain and unsatisfactory ; and that ev *240 idence might have been material, for it would have tended to prove, that the conversion was by the husband alone, and that the wife was not guilty.
A. feme covert is not legally liable for consenting to,or aá vising,a wrong: she cannot be a trespasser by construction.
Instructions-, to ¡find for pltf, upon the agreed case above stated, held erroneous.
A feme covert, though she may be liable for a tort actually committed by her in person, cannot be held responsible for advising a wrong, or assenting to it, either before or after its perpetration by another. 1 Chitty on Pleading, 65, and the authorities there cited. She cannot be made a trespasser by construction, as a person sui juris may and should be deemed, in consequence of the exercise of a voluntary judgment or will. 1 Chitty, 67, 81. Co. Lit. 180, b. n. 4, 387, b. Now, according to this doctrine, it would have appeared, had the rejected testimony been received, that the husband, and not the Wife, was guilty of the conversion in South Carolina. And after he had converted the slave and brought him home, surely she should not be'deemed guilty of another conversion by exercising, with him, the dominion of a wife over a slave in the possession of her husband, and claimed by. him as his own.
III. The circuit judge instructed the jury, peremptorily, that the facts agreed entitled the defendant in error to a judgment against the plaintiffs i and this- was also erroneous. For, even if the facts agreed did not necessarily imply, that the wife liad no personal agency in the taking, a jury might have deduced such an inference from them, and consequently, have inferred that she had only advised or assented to it; and, therefore, was not, in law, guilty.
IV. It is a necessary consequence of the foregoing view, that the circuit court erred in Overruling the motion for a new trial. And, for the like reasons, there was no error in setting aside the first verdict ; because, not only were the agreed facts the same on both trials, but on the first, the facts rejected on the last were proved, and left no ground for sustaining the verdict against the wife.
Judgment reversed, and cause remanded for a new trial.