## DOUGE v. PEARCE.

1. A suit against husband and wife, for a *tort*, does not abate by the death of the husband, unless the *tort* was committed by her in his presence, or by his coercion.

2. Evidence of the truth of the charge, in an action of slander, is not admissiule under the general issue.

3. It is not indispensable that a witness for the plaintiff should give the exact language used by the defendant, showing the slanderous words had reference to a trial. If this was considered desirable, he should, upon the cross examination, elicit the precise language used.

4. When a commission issues to three persons to take a deposition, if the parties appear before one of the commissioners, and cross-examine the witness, they cannot afterwards object, that one commissioner had not authority to act.

Error to the Circuit Court of Benton. Before the Hon. G. W. Stone.

Action on the case, for slander, by the plaintiff in error against the defendant and her husband, Daniel M. Pearce. Plea, not guilty. Pending the action, Daniel M. Pearce departed this life, and the suit as to him abated, but was continued as to his wife, Elizabeth, who, it is alledged, uttered the slanderous words. Trial and verdict for defendant. Upon the trial, several objections were made to the proof. The charge involved an accusation of perjury, in the giving of evidence upon a trial before a justice of the peace, in which the plaintiff was sworn as a witness, in regard to a contract made by one Durham and the defendant for the threshing of some wheat.

The defendant was allowed, by the circuit court, against the plaintiff's objections, to prove the contract which she made with said Durham, and all the particulars in regard to it. The plaintiff offered the deposition of one R. G. Black, who, after testifying to the words as charged in the declaration, stated, in answer to an interrogatory of the plaintiff, " that the words spoken by the defendant had reference to a trial had before Esq. Handley, about the threshing of wheat;" this being objected to, was excluded by the court, and plaintiff excepted. Plaintiff also offered a deposition, taken under a commission which issued jointly to three commissioners, but had been executed only by one. It appeared that the parties, by their respective attorneys, attended before

the commissioner, and each examined the the witness. It was objected to the deposition, that the commission being joint, and not several, should have been executed by all the commissioners, and the defendant moved to suppress it. Plaintiff offered to prove, that by consent of the respective attornies, it was agreed to dispense with the other commissioners, who, though present at a portion of the examination, were compelled by private business to be absent before the close of the examination. The court refused to hear the proof, unless the agreement was shown to have been reduced to writing, and the plaintiff excepted.

The exclusion of the testimony last named, and the admission of proof of the contract, is assigned as error.

MORGAN, for plaintiff in error.
RICE, contra.

CHILTON, J.—No question is presented on the record as to the right of the plaintiff to proceed against Mrs. Pearce, the defendant, after the death of her husband. For aught that appears, she consented to the continuance of the cause against her, and submitted to the jurisdiction. But were it otherwise, without entering into an investigation of the authorities upon the subject, we are satisfied that if the tort of the wife, for which she and her husband were jointly sued, was not committed by her in his presence, or by his coercion, the suit does not abate by his death. Mr. Reeve, in his Treatise on the Domestic Relations, p. 71, in commenting upon the case in Style, 138, which was precisely analagous to this, except that the wife, after the death of the husband, and before judgment, married another husband, and in which it was held the action abated, says "it is opposed to the current of authorities," &c.

2. The statement of the proof to be made by absent witnesses, showing the particulars of the contract, was clearly inadmissible as evidence. The issue was, not guilty. No plea of justification was in, and we cannot see how such proof could be relevant to that issue. The rule is too well

settled to require reference to authority, that evidence of the truth of the charge cannot be admitted, unless upon the appropriate plea of justification. The court erred in allowing such proof.

3. We are not informed upon what ground the court excluded the testimony of the witness, Black. It was certainly very material to show, that the words spoken by the defendant had reference to some judicial investigation, upon which the plaintiff was sworn as a witness. This the proof shows. It is not indispensable that the witness should give the exact language used by the defendant, showing the slanderous words had reference to a trial. If this was desired, the opposite party should, upon cross-examination, have elicited the exact language used. While it is not proper for a witness to give his impression derived from the conversation, yet he may, even in proving the words charged in the declaration, give the substance of the conversation. See Teague v. Williams, 7 Ala. Rep. 844; Miller v. Miller, 8 Johns. R. 74; Ney v. Otis, 8 Mass. Rep. 122; Olds v. Powell, 10 Ala. Rep. 393.

4. Upon the remaining point—as to the exclusion of the deposition, because it was executed by one of three commissioners, when it appeared the parties, by their attorneys, appeared before the commissioner, and proceeded with the examination, we think the court also erred. Had the deposition been taken by interrogatories, filed in the ordinary way by the parties in the clerk's office, the rule requires the commission, which is joint, should be executed by all. But in this case, the parties examine upon notice of the time and place—they appear, and each examine the witness before one commissioner. If they had intended to raise an objection to the right of one commissioner to certify the deposition, it should have been made at the time, but submitting to the examination, we must, even in the absence of the proof offered and rejected by the court, of the consent of the attornies to dispense with the other two commissioners, intend, that the parties waived their presence. See Stebbins v. Sutton, 2 Stew. Rep. 247; Spence v. Mitchell, 9 Ala. Rep. 744. This view renders it unnecessary to examine the effect of the parol agreement of coun-

sel, and the correctness of the decision of the circuit court, excluding the proof of it.

It results from what we have said, that the judgment of the circuit court must be reversed, and the cause is remanded.