Meegan v. Gunsollis.

———

MEEGAN, Defendant in Error, *vs.* GUNSOLLIS, Plaintiff in Error.

1. A wife residing with her husband upon the property of another cannot, under ordinary circumstances, be joined as a defendant, in an action of ejectment.

*Error to Franklin Circuit Court.*

*Stevenson & Jones*, for plaintiff in error.
*Frissell, Hudson & Thomas*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff commenced his action of ejectment against James Gunsollis and Sophia, his wife, to recover possession of

land claimed under a deed of trust executed by them. The petition alleges that the plaintiff, on a certain day, was lawfully entitled to the possession of the land, and that the defendants unlawfully withheld from the plaintiff the possession of the premises. The process was served upon both defendants, who demurred to the petition. The demurrer being overruled, an answer was filed in the name of the wife, and, although the action was continued in the name of the husband, even up to trial, no answer was filed in his name, and the court, in finding the facts, found that the husband died since the commencement of the suit. When he died, does not appear. The action seems to have proceeded against the wife after the death of the husband, and resulted in a judgment against her for the possession of the property, damages and monthly value. The court finds " that, at the commencement of this suit, the said James and Sophia were in possession of the land, and that the said Sophia is now in possession, the said James having departed this life since the commencement of this suit." This is the only finding of any participation of the wife in the withholding of the possession from the plaintiff.

The ground of the action is, that the husband and wife having conveyed the land in such manner that the title became vested in the plaintiff, they, after his right accrued, withheld the possession from him. No act is alleged as having been done by the wife, except that she, with her husband, withheld the possession from the plaintiff, nor is any such act found by the court. It appears then to be an ordinary case of husband and wife, residing together upon property claimed by another, who, when bringing an action to recover possession, commences it against both.

1. The question arises upon this record, whether the suit could be brought against the wife jointly with her husband for withholding the possession of the land, when there is not alleged or shown any fact done by her contributing to the plaintiff's cause of action. I have not been able to find any direct authority on this question. An action of detinue will not lie

against husband and wife at common law, because the wife cannot detain the chattels. *Marsh's case*, 1 Leonard, 312. *Isaac* v. *Clark*, 2 Bulstrode, 308. 1 Chitty on Plead. 106. In *Keyworth* v. *Hill*, 3 Barn. & Ald. 687, it was said by Bayley, J., to be quite clear that, in trespass, the husband and wife might be jointly sued, for the reason that the action is founded on the wrongful act of the defendants. In that case, an action of trover was sustained against husband and wife for conversion after marriage, the question arising upon a motion after verdict in arrest of judgment. In *Estell and wife* v. *Fort*, 2 Dana, 240, it was held, upon authority, that a *feme covert*, though she may be liable for a tort actually committed by her in person, cannot be held responsible for advising a wrong or assenting to it, either before or after its perpetration by another. She cannot be made a trespasser by construction, as a person *sui juris* may, in consequence of the exercise of a voluntary judgment or will. In *McKeown et ux.* v. *Johnson*, 1 McCord, 578, it was held, that a wife cannot commit a trespass (so as to be liable to an action) in the presence of, or in connection with her husband. In such case, she is supposed to act under his authority, and he alone must be sued. Where the trespass is committed by the wife alone, the husband must be joined in the action; but the declaration must state that it was committed by the wife. The same doctrine is maintained in *Park* v. *Hopkins*, 2 Bailey, 411.

It is apparent that the petition does not allege any act by the wife separate from the act of her husband, and the court finds no act of the wife by simply finding that, at the commencement of the suit, the husband and wife were in possession of the property.

The fact that the plaintiff's title, under which he claims a right to the possession, is derived from the husband and wife, does not render it proper to make her a party defendant. Without going at greater length into the case, it is the opinion of the court that this action should not have been maintained

against the wife on the case stated in the petition, and that the judgment against her is erroneous.

With the concurrence of the other judges, the judgment is reversed, and the cause remanded.