MILES B. TOBEY, Administrator, *vs.* GILBERT SMITH & wife

A declaration in tort against husband and wife, alleging a conversion by them to their own use, is bad on demurrer.

A declaration in contract, alleging a joint contract by a husband and wife with a third person, is bad on demurrer.

ACTION OF TORT against husband and wife for the conversion "to their own use" of property of the plaintiff's intestate; with a count in contract, alleged to be for the same cause of action, and averring that the defendants owed a certain sum of money to the intestate in his lifetime, and to the plaintiff as his administrator. Demurrer on the grounds stated in the opinion, which was sustained by *Dewey,* J., and the plaintiff alleged exceptions.

*I. Sumner,* for the plaintiff.

*J. D. Colt,* for the defendants.

METCALF, J.   The counts in tort are bad on demurrer, because they allege a conversion by husband and wife to "their" own use; whereas a conversion cannot, in legal contemplation be to the use of the wife.   Broom on Parties, § 331.   2 Saund. Pl. & Ev. (2d ed.) 1141.   2 Dane Ab. 204.   Formerly this was cause for arresting judgment, or for reversing it on a writ of error.   But it was decided by the court of king's bench, in 1820, that a count thus framed was sufficient after verdict.   *Keyworth* v. *Hill,* 3 B. & Ald. 685.   An action of this kind may be maintained against husband and wife, when they jointly convert property; 2 Saund. (5th ed.) 47 *u, note; Newman* v. *Cheyney,* Latch, 126; or when the wife alone converts it; but the declaration should allege that the conversion was to the use of the husband.   See *Catterall* v. *Kenyon,* 3 Ad. & El. N. R. 310, and 2 Gale & Dav. 545; *Estill* v. *Fort,* 2 Dana, 237.

The count in contract is also bad, because it alleges a contract which cannot legally exist; namely, a joint contract by husband and wife with a third person.   See *Grasser* v *Eckart,* 1 Binn. 586.                    *Demurrer sustained.*