THOMAS H. BROWN, *Adm'r, versus* THOMAS COUSENS.

A promissory note, attested after it was signed by the maker, and without his knowledge, is barred by the statute of limitations after the lapse of six years from its maturity.

Since the statute of 1848, c. 73, which authorized any married woman to commence, prosecute and defend suits in law and equity, in her own name, and as if she were unmarried, the exception contained in the statute of limitations, c. 146, § 10, R. S. of 1841, and c. 81, § 100, R. S. of 1857, is to be regarded as inoperative so far as regards married women, they being no longer under any legal disability as to suing or defending actions.

But, upon the review of a suit brought by a married woman after the action was barred by the statute of limitations, the Court, while giving judgment against the original plaintiff for debt and costs and interest thereon, will not, under the statute of 1864, c. 268, enter judgment "for such further sum as the party prevailing in review would have been entitled to recover as costs in the original cause," unless it is *made to appear* that justice requires such judgment.

ON EXCEPTIONS to the ruling of APPLETON, (

WRIT OF REVIEW. The facts are sufficiently set forth in the opinion of the Court.

*Howard & Cleaves*, in support of the exceptions.

1. An alteration by a stranger, whether fraudulent or otherwise, will not make an instrument void, if it sufficiently appears what . the instrument was before the alteration. *Read* v. *Brookman*, 3 T. R., 151 ; *Matison* v. *Atkinson*, 3 T. R., 153, note c ; *Master* v. *Miller*, 4 T. R., 338 ; *Henfree* v. *Bromley*, 6 East, 309 ; *Raper* v. *Birkbeck*, 15 East, 17 ; *Cutts* v. *U. S.*, 1 Gall., 69 ; *U. States* v. *Spaulding*, 2 Mason, 478 ; *Jackson* v. *Malin*, 15 Johnson, 297 ; *Rees* v. *Overbaugh*, 6 Cowen, 746 ; *Lewes* v. *Payn*, 8 Cowen, 71 ; *Warren* v. *Smith*, 2 Barb. Ch., 119 ; *Smith* v. *McGowan*, 3 Barb., 404 ; *Nichols* v. *Johnson*, 10 Conn., 197 ; 1 Greenl. Ev., § 566, and note 1 ; 2 Parsons on Cont., 226, note ; *Thornton* v. *Appleton*, 29 Maine, 298.

2. The plaintiff, being a married woman, is exempted from the operation of the statute of limitations. R. S., 1841, c. 146, § 10 ; 1857, c. 81, § 100. Although empowered to prosecute and defend suits at law and in equity for the preservation and protection of her property, yet the relation of husband and wife remains unimpaired, and the rights and duties of the parties remain the same as at common law, except so far as changed by the statute. The moral, social and marital rights of the husband may be so exerted, within all legal restraints, as to greatly impair, impede and even prevent the wife exercising her legal rights. This is regarded, in a legal sense, as a disability, and hence the provision by statute that the wife may bring her action within the time limited, after the disability is removed. *Park* v. *Ward*, 6 Harris, 506 ; *Mason* v. *Gormley*, 12 Harris, 80.

*J. C. Woodman*, contra.

The opinion of the Court was drawn up by

BARROWS, J. — Julia B. Merriam, the plaintiff's intestate, recovered judgment against Cousens, the defendant, at the November term, 1860, upon default, without his knowledge or consent. Cousens paid the debt and cost, with officer's

fees on the execution, and subsequently procured a review of the suit, and the trial took place at the November term, 1863, before the decease of Mrs. Merriam, as upon the original suit. A verdict was returned in favor of Cousens, the defendant, and Mrs. Merriam's counsel took exceptions which are now to be considered. The original writ was dated July 10, 1858, and the declaration was in assumpsit upon two promissory notes dated Feb. 14, 1850, and payable to Henry Brown or order in six months and one year respectively. They purport to be witnessed by Francis Brown, and were indorsed by the payee, the day after they were made, "accountable for debt and costs without demand on me or the maker," to E. R. Holmes for a valuable consideration, and Holmes, for a valuable consideration, sold and transferred them to Mrs. Merriam before they became payable. Holmes and Mrs. Merriam were *bona fide* holders of the notes, and purchased them without any knowledge or intimation that they had been attested after they were signed. Mrs. Merriam was legally married in 1846, and her husband is still living, but, prior to these transactions, she had separated from him, and, for the last thirteen years previous to the trial, they had not lived together, though there was no divorce. The notes were purchased with her own money and in her own right.

The defendant relied upon the statute of limitations, and put in a brief statement also of a material and fraudulent alteration, and offered evidence tending to show that the attestation to the notes was made after they were signed and delivered to the payee. The jury found specially that the notes were not attested at the time they were signed, and that the attestations were fraudulently made, and they further stated that they found that they had been attested when they were passed to Holmes, but without the knowledge of Cousens, and that neither Holmes nor Mrs. Merriam was aware of anything irregular in the attestations.

The instructions complained of were *that*, if the notes were not attested when signed by the defendant, and in his

presence, the plaintiff could not recover; *that*, if the attestation was affixed after the notes had been signed and without the knowledge of the maker, it would constitute a material alteration, and would not authorize a recovery by the plaintiff, whether the alteration was made with a fraudulent intent or otherwise; and *that*, although the plaintiff was a married woman when the cause of action accrued, she was under no such disability as would relieve her from the operation of the statute of limitations.

It is manifest from the foregoing statement that, if the last mentioned instruction be correct, the points made by the plaintiff's counsel against those first recited become entirely immaterial to the decision of the case. There was no pretence that any subsequent attestation of the notes was made with the knowledge or consent of the promissor, and the verdict has settled that the attestation was not made when the notes were signed, or in the presence of the signer. The notes then were not promissory notes signed in the presence of an attesting witness, and the last one was barred by the statute of limitations in February, 1857, more than a year before the commencement of the action, unless the coverture of Mrs. Merriam relieves her from the operation of that statute. The case could not turn upon the questions whether the alteration was material or fraudulent, and instructions, right or wrong, upon those points, would in no manner affect the result. Even where there is error in the instructions, if it is certain that the excepting party, under correct instructions, can never prevail, the case will not be sent to a new trial.

We need not stop to inquire, then, whether, in a case that presented only a naked question as to the effect of the alteration of an instrument upon its validity, the instructions reported here upon that branch of the case would be sustained. They appear to have been so framed by the presiding Judge, for the purpose of presenting, unincumbered, the question as to the coverture. It does not matter wheth-

Brown *v.* Cousens.

er the alteration was or was not material or fraudulent, if the notes were barred by the statute of limitations.

To avoid this bar, the plaintiff's counsel rely upon the R. S. of 1840, c. 146, § 10, and c. 81, § 100, of R. S. of 1857, which respectively provide, in substance, that, if any person entitled to bring any of the actions enumerated in the previous sections of the statute, relating to the limitation of personal actions, is a minor, *married woman*, insane, imprisoned, or without the limits of the United States, when the cause of action accrues, he may bring his action within the times limited in said chapter *after the disability is removed*.

As to married women, the disability was effectually removed, before these notes were in existence, by chapter 73 of the statutes of 1848, which *enabled* any married woman, who had property in her own right, to pursue all the appropriate remedies authorized by law in other cases, to enforce and protect her right thereto, — to commence, prosecute or defend any suit in law or equity, to final judgment and execution in her own name and in the same manner as if she were unmarried, — further enabling her to make and execute any bond or contract, or to do or perform any matter or thing which might be necessary to the prosecution or defence of any such suit.

But it is ingeniously urged, on the part of the plaintiff, that the moral, social and marital influence of the husband over the wife may be such as to greatly impede and even prevent the exercise of her legal rights, and that this should be regarded in a legal sense as a disability, and that it *is* so regarded by the Legislature, because the provision was incorporated anew into the R. S. of 1857, c. 81, § 100. But this view of the matter must be regarded as plausible rather than sound. The provision was designed to relieve cases of *disability*, not of *disinclination* or of *moral* or *social impediments*.

The exemption is made to depend upon the existence of a *disability*. What is a disability? Blackstone uses the

term to express *a want of legal qualifications*, or *incapacity*, and speaks of "pleas to the disability of the plaintiff, by reason whereof he is *incapable* to commence or continue the suit, as that he is an alien enemy, * * * infant, *feme covert*," &c. Webster further defines the word as "want of competent natural or bodily power or ability, — want of competent intellectual power or strength of mind, as the disability of a deranged person to reason or make contracts."

Representatives of these various classes of disability were exempted from the operation of the statute of limitations, during the lapse of a certain period after the removal of the disability, — minors and married women, by reason of legal disability or incapacity to sue, — the insane, by reason of mental disability or want of competent intellectual power, — the imprisoned and those without the limits of the United States, by reason of natural or physical disability. It is not for the Court to add a fourth class, and exempt those who, for moral, social or connubial considerations, refrain from exercising their legal rights. Standing as the statutes now do, the restraining influence of the nuptial relation might as well be pleaded in behalf of the husband as the wife. It constitutes no disability, and — no disability, no exemption — must be the rule.

When the exemption was created, and until a comparatively recent period, a married woman labored under an actual legal disability. By the common law, the personal estate of the wife passed to the husband, as an incident of the marriage; the right to collect her choses in action vested in him, and the right of the wife to enforce them was totally suspended during the coverture. Hence the exemption referred to.

But the Legislature have changed all that. The enumeration of married women in § 100, c. 81, R. S. of 1857, must be deemed a mere inadvertence, incidental to the radical change which had so recently taken place in a legal system which had been in existence for a time whereof the memory of man runneth not to the contrary. That slip of the pen

took away none of the newly given rights of married women. There is now no disability, and consequently nothing to lay a foundation for the exemption, or to which the exemption can be attached. Mrs. Merriam had labored under no such disability for more than six years previous to the commencement of her action, and the action was barred by the provisions of the statute of limitations. The instructions upon this point were correct, and the exceptions must be overruled.

Mrs. Merriam, the original plaintiff, has died since the trial of the case upon the review. As the judgment is wholly reversed, Cousens, the defendant, as plaintiff in review, is entitled to judgment for the full amount of the original judgment against him for debt and costs, with interest thereon, against her estate. Chapter 268 of the laws of 1864, provides that, in such case, judgment may be entered also " for such further sum as the party prevailing in review would have been entitled to recover, as costs, in the original cause, *if, in the opinion of the Court, justice requires it.* The Court cannot know that justice requires such a judgment, unless it is made to appear how it happened that justice was not done in the original suit. In this instance, as the case turns solely upon the statute of limitations, and we are not informed why the defence was not urged in the original process, the judgment is restricted to the amount of the original judgment and costs, with interest thereon, and costs of the review.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS and DICKERSON, JJ., concurred.