MASON H. MARSHALL *versus* GEORGE W. OAKES *& ux.*

The general rule of the common law is, that, for a tort committed by the wife alone, and without the presence or direction of her husband, she will be held liable; but in a civil suit therefor the husband must be joined with her.

If committed in his presence, and by his direction, he *alone* is liable.

If the husband was present, the *prima facie* presumption is that the wife acted under coercion; but this presumption may be overcome by evidence that she was the instigator and the more active party, or by other facts proved to the jury sufficient to rebut such presumption.

In an action against both, in the absence of any such evidence, the jury should be instructed to acquit the wife.

If exceptions are taken to the refusal of the presiding Judge to give an instruction which the party requested, and it does not appear from the case what instructions were actually given, unless the requested instruction presented the true rule of law applicable, and lacked no qualification whatever, the exceptions will be overruled.

*Otherwise,* if the refusal of the specified instructions necessarily implies that a contrary and incorrect rule was given; or that the jury were left without instructions on the point; or where they cover the whole principle, and it is clear that the case required that the law should thus be stated, although only the requests appear in the case.

EXCEPTIONS from the ruling at *Nisi Prius* of BARROWS, J.

REPLEVIN. The defendants claimed that the sheep replevied were the property of the female defendant. It was admitted that the defendants were husband and wife.

There was evidence tending to show that the wife was the active party in taking the sheep.

The defendants excepted to the refusal of the presiding Judge to give the jury the following requested instructions:

(1st.) That, if the title to the sheep in question is found by the jury to have been in the plaintiff at the time of the alleged taking and detention; and also find that the defendants were husband and wife at the time of the alleged taking and detention, and that the taking and detention were by them jointly or in company of each other, or by the wife in the presence of the husband, their verdict should be for the defendants.

(2d.) That if the title to the sheep in question is found

to have been in the plaintiff at the time of the alleged taking and detention, and that the defendants were husband and wife at the time of the alleged taking and detention, and that the taking and detention were by them jointly, or by the wife in the presence of the husband, or in his company, that the husband is alone guilty and liable.

*Bolster & Richardson*, in support of the exceptions.

*Hammons, contra.*

The opinion of the Court was drawn up by

KENT, J.—The instructions actually given are not stated in the exceptions. The exceptions are to the refusal of the Judge to give the specific rulings requested. We are only called upon to determine whether the Judge was bound to give the precise instructions requested. These requests were, in substance, that, if the plaintiff had proved property in himself, and a taking and detention by the defendants, yet, if the defendants were husband and wife, and the taking and detention were by them jointly, or by the wife in presence of her husband, that the verdict must be for the defendants, or, at least, that the husband alone could be held guilty.

The general rule of the common law is that the husband is liable for the torts of his wife. *Hawks* v. *Hamar*, 5 Binney, 43. But the question here is as to their joint liability. When the tort or crime is committed by the wife alone, and without the presence or direction of her husband, she may be held liable, civilly and criminally. In such cases, the civil action must be against both the husband and the wife. 2 Kent's Com., 149 ; *Head* v. *Briscoe*, 5 Car. & P., 484, (24 E. C. L., 419) ; *Keyworth* v. *Hill & ux.*, 3 B. & Ald., 685, (5 E. C. L., 422.) But, if committed in his presence and by his direction, he alone is liable. 2 Kent's Com., 149.

The *prima facie* presumption is, that the wife acted under coercion, if the husband was actually present. This presumption arises as well in civil suits for torts, as in crim-

inal cases. Hilliard on Torts, c. 42, § 57. If nothing appears but the fact that the wrong was done whilst they were both together, the jury should be instructed to acquit the wife. ' Such presumption, however, is but *prima facie*, and may be rebutted by the facts proved, showing that the wife was the instigator or more active party, or that the husband, although present, was incapable of coercion, — or that the wife was the stronger of the two. Wharton's Am. Cr. Law, Book 1, § 73; 1 Hale, 516. The coercion must be at the time of the act done, and then the law, out of tenderness, refers it, *prima facie*, to the coercion of the husband. Ib., § 74.

This presumption is one of the compensations, or offsets, which the old common law gave for the benefit and protection of the wife, for its stern and unyielding doctrines in relation to the superior marital rights of the husband, by which the rights, — the personal property, and legal existence of the wife are nearly all lost or merged in her baron or lord. As was forcibly said by Mr. Justice EMERY, in *State* v. *Burlingame*, 15 Maine, 106, — "the whole theory of the common law is a slavish one, compared even with the civil law. The merging of the wife's name in that of her husband is emblematic of the fate of all her legal rights. The torch of Hymen serves but to light the pile on which those rights are offered up."

It was a natural and logical result, as the founders of the common law clearly saw, that, if the husband was to be regarded as the head and sole representative of the union, the wife should have the benefit of her legal nonentity, when acting in presence of her husband, even if she apparently was not an unwilling actor. Her misdemeanors and trespasses were to be looked upon, not as arising from the promptings of her own mind or will, but as the result of the overpowering commands or coercion of him whom she had promised to obey. How carefully the fathers studied the first case in point, recorded in the history of man, (Genesis, chap. iii.,) or, some of the subsequently reported cases,

where, to common observation, the woman and wife appears as the prime mover in wrong and mischief, we cannot know and need not discuss.

But, to meet the actual facts of history and observation, the law has engrafted the qualification on the rule, before stated, viz., that the *prima facie* presumption may be overcome by the proof in the case, that, in fact, the wife was the originator, dictator, and principal offender. Hilliard on Torts, c. 42, § 1; *Com.* v. *Lewis*, 1 Met., 153. Where there are other facts established, besides the presence of the husband, as to the participation of the wife in originating and carrying on the common purpose, which tend to rebut the presumption, it is a question for the jury to determine whether or not the presumption is overcome.

In the case at bar, as before stated, we are called upon to determine only whether the Judge was bound to give the instructions requested or either of them. We are not to presume that no instructions on the point were given, or that those given were necessarily erroneous, because those requested were not given. But, if the requested and refused rulings cover the whole ground and contain the true rule which should govern and control the case, the party may sustain his exceptions. When the refusal of the specified instructions necessarily implies that a contrary and incorrect rule was given, or that the jury were left without instructions on the point; or when they cover the whole principle, and it is clear that the case required that the law should thus be stated, exceptions may be sustained, although only the requests are stated in the report.

Unless a party is quite certain that his requests cover the whole ground, it is always safer to state what the actual rulings were.

In this case, the requests were that the jury should be instructed as matter of law, absolute and conclusive, that if the husband and wife were both present and the taking was joint, or by the wife in the presence of the husband, the verdict must be for the defendants, or at least for the

Marshall *v.* Oakes.

wife. Or, in other words, that the presumption arising from the presence of the husband was conclusive in law, and that it could not be rebutted by other facts. The true rule, as we have seen, is that such presence raises a *prima facie* presumption, subject to be overcome by proof negativing clearly the presumed coercion or command. We have nothing in the case to show that the instructions given were not in the very words of the request, with the addition or qualification above stated, in reference to rebutting testimony. We do not think the Judge was bound to give the requested instructions, as a rule of law, without the qualification.

When the requested instructions would have been correct, with the addition of a single qualifying word, the omission of that word in the requests was held fatal to the exceptions. *Stowe* v. *Heywood*, 7 Allen, 118.

The requests, in this case, state but a part of the rule and are therefore imperfect.

On looking at the evidence, as reported, there seems to be enough for the consideration of the jury on the question whether the presumption was overcome or not. The wife claimed the property as her own, and seems to have been quite active in the taking, and apparently of her own will and motion. At all events, the Judge was not bound to say, as matter of law, that there was no evidence tending to show a state of facts which might rebut the presumption.

In an action of trespass against husband and wife, for a joint assault, where the evidence was that the wife was the real and principal offender, it was held that it was clearly a case to be submitted to a jury; the presumption being only *prima facie*, and, like other presumptions, liable to be overcome by testimony. Hilliard on Torts, c. 42, § 7.

It is unnecessary to consider the effect of the recent statutes in relation to married women.

*Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., CUTTING, DAVIS, DICKERSON and BARROWS, JJ., concurred.