JAMES TREAT and others *vs.* RUFUS DWINEL and others.

*Statute—construction of. Trespass—against several defendants when one dies.*

By Pub. Laws of 1870, c. 128, when either of several plaintiffs or defendants in an action that survives, dies, the action may be further prosecuted or defended by the survivors and the executor or administrator of such deceased party jointly.

By Pub. Laws of 1870, c. 109, actions pending at the time of the passage or repeal of an act, shall not be affected thereby.

Hence, an action of trespass against several defendants brought to recover treble damages for the destruction of personal property, pending when c. 128 took effect, cannot be prosecuted against the representative of one of the deceased defendants jointly with the survivors.

But in such case, the plaintiff may, under R. S. c. 82 § 11, discontinue against the survivors, and proceed against the representative of the deceased defendant, or proceed against any or all of the survivors upon discontinuing against the representative party, and such of the survivors as the plaintiff may elect not to proceed against, subject to the provision relating to cost.

ON REPORT.

TRESPASS for treble damages for an alleged injury to and destruction of personal property.

The writ was dated Aug. 8, 1865, and returnable Octber term, 1865. The defendants pleaded severally. Since the pleadings were filed, to wit, on the 29th Sept., 1869, Rufus Dwinel, one of the defendants, deceased.

The defendants claimed that after the decease of Dwinel, it was the.duty of the plaintiffs to elect whether they will proceed against the surviving defendants, and discontinue as to the estate of Dwinel, or proceed against the estate of Dwinel, and discontinue as to the surviving defendants, paying their costs.

The plaintiffs claimed that they could proceed against the estate of Dwinel and the surviving defendants jointly, and were not obliged to make any election.

The case was reserved for full court.

*McCrillis*, for the plaintiffs.

*J. A. Peters & F. A. Wilson*, for the defendants.

APPLETON, C. J. At common law, if a sole plaintiff or one of several plaintiffs died before final judgment, the suit was abated. So, too, the death of a single defendant or of one of several defendants before final judgment abated the suit, if *ex contractu*, though it was otherwise, if *ex delicto*.

But the common law has been materially modified in this respect, both in England and in this country.

By R. S. 1857, c. 87, § 8, "In addition to those surviving by the common law, the following actions survive: replevin, trover, assault and battery, trespass, trespass on the case, and petitions for and actions of review; and these actions may be commenced by or against an executor or administrator, or when the deceased was a party to them, may be prosecuted or defended by them."

By § 7, "when the only plaintiff or defendant dies, while an action that survives is pending, or after its commencement and before its entry, his executor or administrator may prosecute or defend as follows: the action, or an appeal, if made, may be entered, the death of the party suggested on the record, and the executor or administrator may appear voluntarily; if he does not appear at the second term after such death, or after his appointment, he may be cited to appear, and after due notice thereof, judgment may be entered against him by nonsuit or default."

By § 10, " when one of several plaintiffs or defendants, in an action that survives, dies, his death may be suggested on the record, and the action may be further prosecuted or defended by the survivors ; and when all the plaintiffs or defendants die, the action may be prosecuted or defended by the executor or defendant of the last surviving plaintiff or defendant."

It is thus seen, that the statute, c. 87, defines clearly and distinctly by § 7 the course of procedure in case of the death of " the only plaintiff or defendant ; " and by § 10, in that of the death of one or more or of all of many plaintiffs or defendants in actions which survive. In no conceivable case is the executor or administrator of a deceased party (there being several plaintiffs or defendants), joined with the survivor or survivors in the prosecution or the defense, by the provisions of the revision of 1857.

Nor are the provisions of R. S. c. 82, § 30, at variance with these views. By that section, " when a party in a pending suit dies, and his death is suggested on the record, and the cause of action survives, his executor or administrator may become a party, or, at the request of the other party, be summoned to appear and become a party. . . . If he neglects to appear, judgment may be entered by nonsuit or default, according to the provisions of chapter eighty-seven." But those provisions, where there are numerous plaintiffs or defendants, negative the joinder of the executor or administrator of a deceased party with the survivors ; but, on the contrary, require the further prosecution or defense of the suit to be made by the survivors. Where the only plaintiff or defendant dies, in such case his executor or administrator becomes a party by § 7, and not otherwise.

By an act approved March 11, 1870, c. 128, the tenth section of R. S. c. 87, was amended so as to read as follows : " When either of several plaintiffs or defendants, in an action that survives, dies, the death may be suggested on the record, and the executor or administrator of the deceased may appear, or be cited to appear, as provided in section seven ; and the action may be further prosecuted or defended by the survivors and such executor or adminis-

trator jointly, or by either of them,"ᵗetc.    But by c. 109, of the same session, " actions pending at the time of the passage or repeal of an act, shall not be affected thereby." The present action was pending at the time of the passage of c. 128, and was not affected thereby.

It follows that this action cannot be jointly prosecuted against the executors under the will of Rufus Dwinel and the surviving defendants.

By R. S. 1857, c. 82, § 12, " when there are two or more defendants, the writ may be amended by striking out one or more of them, on payment of costs to him to that time." The plaintiff may strike out the names of as many of the survivors or of all as he may deem expedient. If the names of all the survivors are stricken out, it will then be a writ against Rufus Dwinel alone, and in such case, by the express provision R. S. c. 87, § 7, his executors may be summoned in, and the cause proceed against them to final judgment. The right to amend by § 12 exists irrespective of the death of a party, and its extent is to be determined by the party moving it, subject to the terms of the statute.

The action cannot be jointly prosecuted against the executors of Rufus Dwinel and the surviving defendants. The plaintiffs may discontinue against the survivors, and proceed against the executors of said Dwinel, in accordance with R. S. c. 82, § 12, or they may proceed against the survivors, or any number of them, upon discontinuing against the executors of Dwinel and such survivors as they may elect not to proceed against, subject to the statutory provisions as to costs.

CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.

WALTON, J., did not concur.