## GEORGE' W. HANDY *vs.* DENNIS FOLEY.

Bristol.   October 24.— Nov. 20, 1876.   DEVENS & LORD, JJ., absent.

The owners of a lot of land adjoining a highway conveyed the front part of it, "for
ever reserving to ourselves the right to pass and repass with teams, &c., across
the north end and east side of said lot to the said road." They afterwards con-
veyed the rear part of the lot, "including all the right of way to and from the
highway that now is claimed by the grantors." *Held,* that the right of way was
appurtenant to the rear lot, would so continue during the life of any of the
grantors of the first deed, and would pass by deed of the rear lot, even if not spe-
cifically mentioned.

TORT for breaking and entering the plaintiff's close "on
divers days and times between May 1, 1874, and August 28,
1874." Answer, a general denial, and a justification of the
defendant's acts by reason of a right of way. Trial in the
Superior Court, before *Rockwell*, J., who, after a verdict for the
plaintiff, allowed a bill of exceptions, the substance of which
appears in the opinion.

*C. A. Reed*, for the defendant.

*J. Brown*, for the plaintiff.

MORTON, J.   The heirs of Seba Carpenter, being the owners
of a tract of land fronting on the "Norton road," conveyed the
front part of it to Gideon M. Horton, by a deed which con-
tained the following reservation: "Forever reserving to our-
selves the right to pass and repass with teams, &c., across the
north end and east side of said lot to the said road, through
gates and bars." They afterwards conveyed to James M. Solo-
mon the rear part of the entire tract, "including all the right
of way from said lot to and from the highway leading to Nor-
ton, that now is claimed by the grantees of this deed." The
.ot first conveyed is now owned by the plaintiff, and the second
lot is owned by the defendant.

We have no doubt that the right of way reserved by the deed
to Horton was intended and understood to be appurtenant to the
rear lot retained by the grantors. The reservation does not
specify the rear lot as one of the termini of the way, but the
inference is irresistible that it was intended to be. The actual
terminus of the way is the rear lot, and the two lots are so
situated with regard to each other that there is no way from

the rear lot to the road except over the front land adjoining. The way was obviously useful and necessary to the enjoyment of the rear lot, and apparently could be useful for no other purpose. The case cannot be distinguished from *Dennis* v. *Wilson*, 107 Mass. 591.

The plaintiff contends that, as there are no words of inheritance in the reservation, a life estate only was reserved. But if this be so, the way was still appurtenant to the rear lot, would continue during the life of any of the heirs of Seba Carpenter, and would pass by a deed of such lot, even if it was not specifically mentioned. *Dennis* v. *Wilson, ubi supra,* and cases cited. *Peck* v. *Conway,* 119 Mass. 546. It does not appear, and is not contended, that all of said heirs are dead. The ruling that the defendant had no right of way over the plaintiff's land was therefore erroneous.

As there must be a new trial upon this ground, it is not necessary to consider whether, under the declaration, the plaintiff is confined to proof of a single act of trespass. The failure to allege, in the usual form, a trespass on a specified day with a *continuando,* is, at most, an error in form, which may be cured by an amendment of the declaration.    *Exceptions sustained.*