# PROVIDENCE COUNTY.

## FENNER B. BAKER *vs.* ROSANNA BRASLIN.

In trespass for assault and battery against a husband and wife jointly, the husband died pending the action.
*Held,* that the action did not abate, but could be prosecuted against the wife alone.
The same would hold if in fact the wife alone was the tort feasor, and the husband joined as defendant merely for conformity.

EXCEPTIONS to the Court of Common Pleas.

*November* 2, 1889. DURFEE, C. J. This is trespass for assault and battery, brought and tried in the Court of Common Pleas. The defendants were husband and wife, and were declared against jointly. The husband died, and his death was suggested of record before trial. The plaintiff prosecuted his case afterward against the wife alone, and recovered a verdict against her. She then moved in arrest of judgment on the ground that the action had abated before verdict by her husband's death. The court sustained the motion, and the plaintiff excepted.

We think the court erred. The action is in form an action against the two for assault and battery committed by both jointly. We think it is settled by the preponderance of authority that, at common law, an action against two in tort, as in trespass, ejectment, trover, conspiracy, and the like, is not abated by the death of one of them, but may be prosecuted against the survivor, each being answerable *in solido* for the wrong. 2 Williams's Saunders, 72, k, note; 1 Comyns' Dig. 125; *Spencer & Woodward* v. *The Earl of Rutland,* Yelv. 269; *Hill* v. *Tempest,* Cro. Eliz. 145; *Bennion* v. *Watson & Elwicke,* Cro. Eliz. 625; *Rigley* v. *Lee &*

*wife*, Cro. Jac. 356 ; *Sumner* v. *Tileston*, 4 Pick. 308 ; *Hendrickson* v. *Herbert*, 38 N. J. Law, 296 ; *King* v. *Bell*, 13 Neb. 409 ; *Treat* v. *Dwinel*, 59 Me. 341. We see no reason why the rule should not apply when the two are husband and wife. It is true that, where husband and wife join in committing a tort, the presumption is that she acts under marital coercion, but this presumption is *primâ facie* only, and may be rebutted by proof that she acted of her own free will. Cooley on Torts, *115, *116 ; *Simmons* v. *Brown & wife*, 5 R. I. 299 ; *Marshall* v. *Oakes*, 51 Me. 308 ; *Handy* v. *Foley*, 121 Mass. 258 ; *Cassin* v. *Delany*, 38 N. Y. 178. It is also true that a married woman cannot be sued separately from her husband for a tort committed by them jointly, so long as she is under coverture ; but this is not because the tort is joint, but because the law requires the joinder by reason of the coverture. There is nothing to prevent her being sued alone for such a tort after her husband dies, the same as if she were originally discovert, and, this being so, we see no reason why a suit for such tort begun against her and her husband should not proceed against her alone, if her husband dies during its pendency, and so the law has been laid down. In *Rigley* v. *Lee & wife*, Cro. Jac. 356, the action was ejectment against husband and wife. The husband died after verdict, and the question was, whether the action should abate or stand against the wife. The court decided that, because it was in the nature of an action of trespass, and the wife was charged for her own part, the judgment should be entered against her alone.

It was suggested at the bar that the tort was really committed by the wife alone, the husband being joined in the action for conformity. The declaration does not show this, but, if it did, we think the ruling of the court below would nevertheless have been erroneous. Cooley on Torts, *115 ; *Capel* v. *Powell*, 17 C. B. N. S. 744 ; *Estill et ux.* v. *Fort*, 2 Dana, 237 ; *Douge* v. *Pearce*, 13 Ala. 127, 129. *Exceptions sustained.*

*Charles H. Page & Franklin P. Owen*, for plaintiff.
*George J. West*, for defendant.