JAMES S. SMITH, Respondent, v. AUGUST SCHOENE *et al.*, Defendants; AUGUST SCHOENE, Appellant.

**St. Louis Court of Appeals, December 8, 1896.**

1. **Married Woman, Liability of, for Assault, in Civil Action:** PRESUMPTION. An assault by a married woman, in the presence of her husband, is presumed to have been committed under his coercion or influence, which would relieve her of liability.

2. ——: REBUTTABLE PRESUMPTION: EVIDENCE. But this presumption is rebuttable, and if, from all the facts and circumstances in evidence, in such action, the jury believed that, in making the assault, she acted voluntarily, and without incitement on the part of her husband or that she was the sole instigator of the assault, and that, after the commencement of the affray, her husband joined her in it, then she is liable. *Flesh v. Lindsay*, 115 Mo. *loc. cit.* 16.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*J. W. Collins* for appellant.

In this state, in a suit for damages for a tort committed by the wife in the presence of her husband, she is presumed to act under his coercion, and such presumption is conclusive, and not rebuttable. *McKeon v. Johnson*, 1 McCord, 578; *Meegan v. Gunsollis*, 19 Mo. 418; *Alexander v. Lydick*, 80 *Id.* 340; *Merrill v. City of St. Louis*, 83 *Id.* 255.

*Sterling P. Bond* for respondent.

There is no error in plaintiff's instruction number 1. *State v. Ma Foo*, 110 Mo. 15; *Noland v. Trober*, 49 Md. 468; *Clow v. Chapman*, 125 Mo. 101–108; R. S.

1889, sec. 3940; *Cassin v. Delany*, 38 N. Y. 179; *Handy v. Foley*, 121 Mass. 259; *Marshall v. Oakes*, 51 Me. 308; *Charleton v. Haywood*, 49 N. H. 314, 318, 319; *Bains v. Bullock*, 129 Mo. 120.

BIGGS, J.—Is a married woman answerable in a civil action for an assault made by herself and husband jointly? That is the main question arising for our decision under this record.

The plaintiff claims that the defendants, who are husband and wife, assaulted him and broke his leg. He has sued them in this action for the injuries. His evidence tended to prove that the wife without provocation began the assault in the absence of her husband; that a moment afterward the latter appeared on the scene and joined in the affray, and that they knocked the plaintiff down and broke one of his legs in two places.

The defendants denied that they knocked plaintiff down. Their evidence tended to prove that he came into the kitchen of the defendant's house where Mrs. Schoene was attending to her household duties; that he was intoxicated; that he abused her, and that she struck him once or twice with a whip; that about that time Mr. Schoene appeared and shoved the plaintiff out of the room, using no more force than was necessary, and that the plaintiff in passing out of the hall of the house on to the street fell, and there received the injuries of which he complains.

Under the instructions of the court the jury returned a verdict against both defendants. Mrs. Schoene has appealed.

Concerning the liability of Mrs. Schoene the court instructed the jury that if the alleged assault on her part was committed in the presence of her husband, then the presumption was that she acted under his

coercion or influence, which would relieve her of liability. But the court further instructed that this presumption was rebuttable and if from all the facts and circumstances the jury believed that in making the assault Mrs. Schoene acted voluntarily and without incitement on the part of her husband, or that she was the sole instigator of the assault and that after the commencement of the affray her husband joined her in it, then she *was* liable in the action.

This instruction is supported by the great weight of authority. *Carleton v. Haywood*, 49 N. H. 319; *Marshall v. Oakes*, 51 Me. 306; *Roodcap v. Sipe*, 6 Gratt. 213; *Wagner v. Hill*, 19 Barb. 321; *Handy v. Foley*, 121 Mass. 259; Schouler, Dom. Rel., sec. 75; *Flesh v. Lindsay*, 115 Mo. *loc. cit.* 16. The theory of the law is that where the wife commits a tort or crime in the presence of or in conjunction with her husband, she will be presumed to have acted under his compulsion, and hence not being a free moral agent she must be held blameless. But the facts and circumstances may be such as to show that she was the instigator or the stronger of the two. In such cases is it reasonable to acquit her of the wrong? The authorities cited all agree that under such circumstances she ought to answer for her conduct. In this state the law has thus been applied in a criminal case (*State v. MaFoo*, 110 Mo. 15), and the reason for denying its application in a civil suit can not in our opinion rest on substantial grounds.

The authorities which sustain the opposite view proceed upon the theory that during coverture the legal existence of the wife is so merged in that of the husband that she must be held incapable of commiting a legal wrong, either in conjunction with him or in his presence. This statement of the law is too technical and narrow, and has been expressly repudiated by the

supreme court in the recent case of *Flesh v. Lindsay, supra,* where the wife was held to answer in damages for the joint tort of herself and husband.

The authorities in this state which are relied on as sustaining the defendants' contention are *Meegan v. Gunsollis,* 19 Mo. 417; *Dailey v. Houston,* 58 Mo. 361, and *Alexander v. Lydick,* 80 Mo. 347.

In the *Gunsollis* case the point in judgment was whether the wife, who merely resided with her husband on property belonging to the plaintiff, was properly made a defendant in an ejectment suit for the land. It was decided that she was not a proper party, as no act of hers was alleged or proved, except that she lived with her husband on the land. In the opinion the case of *McKeon v. Johnson,* 1 McCord, 578, was cited with approval. That was a joint action against husband and wife for harboring a slave. The supreme court of South Carolina held that under no circumstances could a married woman be held for torts committed jointly with, or in the presence of, her husband. It suffices to say that the approval of the doctrine of that case was not necessary to the decision of the matter in judgment in the *Gunsollis* case. But, conceding all that counsel claim, the supreme court in *Flesh v. Lindsay, supra,* has certainly repudiated the doctrine of the South Carolina court.

In the subsequent case of *Dailey v. Houston, supra,* the supreme court again cited and approved the doctrine of the *McKeon* case. But in that case the supreme court, as in the *Gunsollis* case, was not called on to decide the character of the presumption in favor of the wife, as the evidence was undisputed that Houston, the husband, was present and encouraged his wife to make the assault.

The case of *Alexander v. Lydick,* 80 Mo. 347, was a replevin suit by husband and wife. Bond was given and

the property delivered to them. They failed in the action and judgment was rendered against them and the sureties on the replevin bond for the return of the property, or its assessed value. Objection was made to the judgment against the wife (which was sustained by the supreme court), upon the ground that in obtaining possession of the goods by employing process in a case where it would not lie, the wife was presumably acting under the orders of her husband. As no particular act of the wife was shown in connection with the institution of the suit there was likewise no occasion for the discussion or determination of the character of the presumption relied on, and therefore the approval of the law of the *McKeon* case was likewise uncalled for as in the other cases. But, as before stated, the. *dicta* of these cases have been virtually overruled in *Flesh v. Lindsay*, which is ample justification for us to decline to follow them.

Our conclusion is that as the facts and circumstances in evidence tended to prove that Mrs. Schoene was the instigator of the alleged assault, the instruction was properly given.

The court also gave the following instruction:

"The court instructs the jury that the plaintiff can not recover for any injury caused by his own negligence or otherwise and not the direct result of any act or acts of defendants, or either of them."

The defendants asked one or two instructions of like import, which the court refused to give. Without entering into a discussion of these instructions, it is sufficient to say that we consider it highly improbable that the defendants were prejudiced by their refusal. The issues were simple and could not have been misunderstood by the jury.

The judgment of the circuit court will be affirmed. All the judges concur.