50   209
79   224

## JOHN HEATH v. JOHN W. FRALEY AND WIFE.

1. ARREST OF JUDGMENT.—See facts declared to be a defense, but not sufficient when set up in arrest of judgment.
2. JUDGMENT BY DEFAULT.—See matters held insufficient to set aside a judgment by default.
3. CITATION.—The citation prescribed by statute must contain the names of all the parties. An omission of one of the plaintiffs in the citation is fatal on appeal.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

July 14, 1877, John W. Fraley and his wife, Mary Emma Fraley, brought suit against John Heath, in the District Court of Kaufman county, on a promissory note.

August 14, 1877, citation issued to Heath, requiring him "to answer the petition of John W. Fraley and wife." The citation in other respects was regular.

Judgment final by default was rendered October 12, 1877, for $3,195.10 and costs, for plaintiffs.

On the same day defendant filed his motion to set aside the judgment by default and in arrest of judgment.

The grounds relied upon in arrest of judgment were, (1) that there was no citation, as required by law, served on the defendant in this case; (2) that it appeared from the note sued on that the defendant executed to the plaintiff a deed of trust on certain lands, with power to sell to discharge said note, whereby the said land became a primary fund out of

which said note should be discharged; that it did not appear from the petition of the plaintiff herein that said lands, or any part thereof, had been sold, and the proceeds thereof applied to the discharge of said note; (3) that it appeared from said note that the plaintiff was made the agent and trustee of defendant, and certain lands put in his hands to be sold by him to discharge said note, and that for aught that appears in said petition this suit had been brought without accounting for said trust property in any manner whatever; (4) that a judgment by default could not be correctly or legally rendered in this case without a writ of inquiry.

The grounds relied upon and set out in the motion to set aside the judgment are, that he resides in the town of Terrell, ten miles from Kaufman, and that early in the morning of the day on which said judgment was rendered against him he started from home with a view and intention of reaching court before it was called; that he is an old man and quite infirm, and was compelled to stop twice on the way to rest, and was thus delayed in reaching court until a few minutes after his case was reached and judgment by default taken against him; that but for his age and infirmity he would have reached court in time; that he has a meritorious defense to the said note; that he was advised that his said cause was not reached on the regular call of the docket, but on the call of the appearance docket for default.

Both motions were overruled, and defendant appealed, perfecting his appeal by affidavit of inability to give appeal bond.

*J. J. Hill*, for appellant.

I. There was no legal service in this case. The citation was not such as is required by law. It does not name the parties to the suit.

The citation must contain a statement of the names of the parties to the suit. It does not contain the name of one of the plaintiffs in the lower court. (Paschal's Dig., arts. 1430,

1431, notes 542, 543; Burleson *v.* Henderson, 4 Tex., 52; Norvell *v.* Garthwaite, 25 Tex., 583; Andrews *v.* Ennis, 16 Tex., 46; 8 Tex., 108.)

II. The court erred in overruling defendant's motion in arrest of judgment for the causes therein set forth.

The reasons assigned by appellant in his motion in arrest of the judgment in this case were sufficient.

III. The court erred in overruling defendant's motion to set aside the judgment by default upon the grounds therein set forth. The grounds set out in the motion were sufficient.

MOORE, CHIEF JUSTICE.—Some of the matters suggested in the motion in arrest of judgment, if properly presented and proved, might be a valid defense, in whole or in part, to the plaintiff's action; but certainly they furnish no ground for arrest of judgment. Nor can we say that the court erred in overruling appellant's application to set aside the judgment by default; for a man too old and infirm to ride ten miles to court without having to stop twice on the way to rest, or to be able to get to court before its usual time of meeting in the morning, though he started at daylight, who takes no steps to have an answer filed until he should reach the court-house on default day, thus exhibits so palpable a manifestation of gross negligence as deprives him of all right to complain of the refusal of the court to set aside the judgment, even if he had shown a meritorious defense, instead of merely asserting that he has one.

The citation, however, upon which the judgment is based fails to state the names of the plaintiffs to whose action appellant was required to answer, as is, in plain and direct terms, required by the statute. (Paschal's Dig., art. 1431.) Owing to this defect in the citation, as has often been held by the court, (4 Tex., 52; 8 Tex., 108; 16 Tex., 46; 25 Tex., 583,) the judgment by default was improper and unwarranted

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.