## DECEMBER, 1911.

CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. NEIL P. ANDER-
SON & COMPANY.

No. 2187. Decided December 20, 1911.

**1.—Amicus Curiæ—Questioning Validity of Service.**

Where the validity of service on the alleged agent of a corporation is questioned by affidavit of the party served denying agency, the court has power, on its own motion, to inquire into the question of service before rendering judgment by default; and what it could so do it could properly consider on suggestion of counsel as amicus curiæ. (Pp. 4, 5.)

**2.—Default—Answer Filed.**

It was improper to render judgment by default after defendant had filed an answer. Judgment so rendered should have been set aside on motion of defendant though motion for default judgment had been made on appearance day, before answer filed, and postponed to consider the question of sufficiency of service, the answer being filed pending consideration of such question. (Pp. 5, 6.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Tarrant County.

The railway company obtained writ of error on the affirmance, on its appeal, of a judgment by default obtained against it in the trial court at suit of Anderson & Co.

*N. H. Lassiter* and *Robert Harrison*, for plaintiff in error.—Robins was the alleged agent of the defendant, and the citation was served on him. His affidavit set up facts which, if true, showed a lack of jurisdiction of the court over the defendant for want of sufficient service. If the objections to this affidavit set up in the plaintiff's motion are tenable, they may constitute a good reason for giving little weight to the affidavit, and for concluding that the service was sufficient; but they do not constitute a reason for striking the affidavit from the files, and the court erred in so doing. Jones v. Jefferson, 66 Texas, 578; C., R. I. & P. Ry. Co. v. Peterson, 205 U. S., 390; Connelly v. Alkali Works, 190 U. S., 350; St. Clair v. Cox, 106 U. S., 350; Goldey v. News, 156 U. S., 518; Railway Co. v. Jones, 155 U. S., 333.

The judgment by default should not have been granted in this case, because the affidavit of J. W. Robins, which is uncontroverted

by any testimony, shows that the defendant was not doing business in the State of Texas, and the courts of this State have no jurisdiction over a corporation which is not doing business in this State. Same authorities.

The court erred in overruling the defendant's motion to have the judgment by default set aside, because, as was shown in that motion, it appeared by the affidavit of J. W. Robins that the defendant is not, and was not, at the time the citation was served, doing business in the State of Texas. Same authorities.

Where, as in this case, a contention is urged before the trial court that the defendant is not properly served and is not in court, and the court is considering that contention, and the defendant concludes to submit itself to the jurisdiction of the court rather than to continue to contest that question, it should be permitted to file an answer and enter an appearance at any time before a judgment by default is entered against it. Railway Co. v. Faulkner, 118 S. W., 748; Railway Co. v. Pierce, 117 S. W., 912; Evans v. Terrell, 95 S. W., 686; Railway Co. v. Kelly, 99 Texas, 87; Springer v. Gillespie, 56 S. W., 370.

*Wm. J. Berne,* for defendant in error.—Throughout the amicus curiæ proceeding, the court had jurisdiction of plaintiff in error. Randall v. Collins, 58 Texas, 232; Wood v. City of Galveston, 76 Texas, 126; Gatlin v. Dibrell, 74 Texas, 36; Chandler v. Mechling, 22 Texas, 44; Pullman & Co. v. Nelson, 22 Texas Civ. App., 223; Needham v. State, 19 Texas, 335; Grace v. Hanks, 57 Texas, 14; Bomar v. Building Assn., 20 Texas Civ. App., 603; Hartford, etc., Co. v. King, 31 Texas Civ. App., 636; Burns v. Gavin, 20 N. E., 799; Lovejoy v. Murray, 3 Wall., 1; Hanke v. Cooper, 108 Fed., 922; Tootle v. Coleman, 107 Fed., 41; Bradley v. Mfg. Co., 57 Fed., 980; Peterson v. Nehf, 80 Ill., 25; Castle v. Noyes, 14 N. Y., 329.

By concealing said fact of jurisdiction, and by pretending to be an amicus curiæ, Mr. Harrison, acting for plaintiff in error, caused the court to doubt its jurisdiction over plaintiff in error, and because of such doubt to defer giving a default judgment.

MR. JUSTICE RAMSEY delivered the opinion of the court:

Suit was instituted in the District Court of Tarrant County by Neil P. Anderson & Company against the Chicago, Rock Island & Pacific Railway Company, the petition alleging, in substance, that said company was a corporation, but without any other or further averment as to whether it was a domestic or foreign corporation; and alleging further that J. W. Robins, who is alleged to reside in Tarrant County, Texas, was the local agent of said Railway Company. Service in said county was had on Robins in due time and return made by the sheriff, stating that the citation had been duly served by delivery to Robins in person in the City of Fort Worth in Tarrant County, a true copy of the writ, and that Robins was then and there the local agent of said Railway Company, representing it in said county. On February 1, 1909, the day before the appearance day of said court to which suit was brought, there was filed in said cause by

the said J. W. Robins the following affidavit: "Now comes J. W. Robins and makes oath and says that he is the General Superintendent of the Chicago, Rock Island & Pacific Railway Company, and is not an agent of any character for it in Tarrant County, and that the said Company is a foreign corporation and not doing business in the State of Texas, and has never done business in the State of Texas." There was also filed at the same time by Robert Harrison, appearing as amicus curiæ, the following suggestion: "Now comes Robert Harrison as amicus curiæ and respectfully shows to the court that there is on file an affidavit of J. W. Robins to the effect that the defendant the Chicago, Rock Island & Pacific Railway Company is not doing business in the State of Texas and has never done any business in the State of Texas and is not an agent of any character for said Company in Tarrant County, Texas; wherefore, the said Robert Harrison respectfully calls the court's attention to the fact that there is no valid service in this case against the said defendant." On the following day, February 2, 1909, on the calling of the appearance docket, counsel for Anderson & Company demanded judgment by default and on the same day said counsel filed a motion to strike out Robins' affidavit and, in substance, praying a judgment by default. This motion was to the effect that Robins was not a party to the cause, that the affidavit was irrelevant and immaterial and seeks to raise an issue that the Railway Company is a foreign corporation, and that such issue could not be raised by the affidavit of Robins, an outsider, or by Harrison as amicus curiæ but could only be raised by defendant; that if these matters were decided adversely to Robins it would not affect. or bind the defendant, while if decided adversely to plaintiffs it would be binding on them, and that the allegations stated conclusions only and did not state issuable facts, and, further, that the affidavit on its face shows that the defendant was doing business in the State in that it shows that said Railway Company had sufficient business in the State and was doing such a business therein as is sufficient to keep in this State and County its General Superintendent. The question was not at the time decided, but during the day the court heard argument touching the issues thus raised and, at the conclusion thereof, announced, in substance, that the matter would be postponed until the following Saturday, February 6, 1909. There was some dispute as to the facts at this point. Mr. Berne, who represented the plaintiffs in the case, testified that "at the conclusion of the argument the court announced that he would render his decision at 9:00 o'clock on February 6, and his decision was deferred with the understanding that the rights of all the parties should be preserved as they were on appearance day." This was not admitted by Mr. Harrison, who testified as follows: "I want to say that Mr. Berne is wrong in his statement that the court declared that if he did render a judgment with a writ of inquiry that he would let it relate back to Berne's request made on appearance day. Mr. Berne tried to get the court to do that, and the court respectfully declined to do that and the court intimated to me, though he did not commit himself, that if at the end of the hearing I decided to file an answer he would be inclined to permit it to be done, and he said that he would decide that, how-

ever, when the hearing was through.'' The record does not suggest anything other than mere difference in the recollection of the parties, as is not infrequent, and as could be readily accounted for without intimation of bad faith on the part of either counsel, and as we gather from the record there is some uncertainty as to just when the statements were made by the court. The court states in one place that, in substance, Mr. Berne had stated what occurred and that there were some authorities presented to the court and after examining these authorities he came to the conclusion that it was his duty to render judgment, as he did, and that it relate back to the date of the appearance day. The court also states that this conversation and statement did not occur on appearance day and that it occurred after the case had been argued. We do not deem it important to determine just what the precise statement of the court was and have set out what appears above for the purpose mainly of suggesting that the failure to file an answer earlier than when same was filed as hereinafter stated was not due to any deliberate intention not to file same or to any culpable negligence in not filing same earlier. An answer was filed on behalf of the Company on Friday, February 5th. On the following day, February 6th, counsel for plaintiff sought and obtained from the court a judgment by default in the case with a writ of inquiry, neither the court nor counsel at this time knowing or being in any way advised that an answer had been filed for the Railway Company the day before. On his attention being called to the judgment by default, Mr. Harrison, with other counsel, filed a motion to set aside the default, alleging, among other things, that the Railway Company had a good and meritorious defense to the claim asserted in the petition and that an answer had been filed prior to the rendition of the default judgment. This motion was contested by the plaintiff and on hearing of the motion and answer the court declined to set aside the judgment by default, which judgment was by the Court of Civil Appeals for the Sixth Supreme Judicial District affirmed.

We think both courts were in error and that the judgment by default should, under the circumstances, have been set aside and the case tried on its merits. A review of the entire record has convinced us that there is nothing in it to suggest any purpose other than the declared purpose, of the suggestion of lack of service, and pending the decision of this question an answer was filed. There is no suggestion in the record that the question of lack of service was obtruded upon the attention of the court either for any sinister or improper purpose, or with any intent or that the same had the effect to delay the proceedings. The fact that this suggestion was made by Mr. Harrison who thereafter filed an answer for the Railway Company should not and does not of itself imply any such purpose. It must and should be assumed in favor of counsel and also of the court below and that their conduct in such matter was within the limits of professional propriety. If the court had acted on the motion on appearance day on the suggestion made by amicus curiæ and had held service sufficient, undoubtedly that reasonable discretion which must guide and control all judges would have impelled and compelled

him to permit an answer to have been filed. If the statement of the court be fully credited, and as applying to a time when Mr. Harrison was present, that if the motion was sustained that the rights of all parties should be preserved as they were on appearance day, should not the right to file an answer be preserved to a defendant? It has not been and is not the policy of the law to cut off defenses arbitrarily and deny litigants their day in court. When a suggestion is made by one acting as amicus curiæ, if same is covinous or corruptly done or in such a manner as to deliberately trifle with the court, authority rests in the court to meet such an issue as it should be met, with all the power and authority the court possesses; but in the absence of such conditions, even if it be conceded that the persons making the suggestion were in error as to the facts or had misconceived the law, it certainly should not be the policy of the law to deprive his client of any hearing and thus summarily dispose of his rights by a default judgment against him.

A somewhat similar question came before this court in the case of Jones v. City of Jefferson, 66 Texas, 578. In that case service was had upon certain persons alleged to be officers of the City of Jefferson. They appeared and filed affidavits denying the fact of their official capacity. Certain members of the bar appeared as friends of the court and suggested that judgment should not be rendered against the city because the parties served with citation as its officers were not in fact such, and asked the court to hear testimony upon the question. At the fall term of court thereafter the court proceeded to hear the testimony and Jones, plaintiff in the case, asked judgment by default, which the court refused to grant, to which he excepted and declined to continue the case for further service. The court dismissed the case and an appeal resulted. In discussing the matter the court uses this language: "It would, therefore, seem that when it is brought to the knowledge of the court by the affidavit of the person upon whom the citation has been served, that a judgment by default is being sought against a corporation by service upon him as its officer or agent, and that he is not such, the court should have the power to inquire into the fact, or at least should require of plaintiff proof of the official character or agency of the person before proceeding to judgment. The office of a friend of the court is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in course of proceedings in open court. But in the case of State v. Jefferson Iron Co., 60 Texas, 312, a doubt as to the service is specified as one of the matters about which it was permissible for him to be heard. And the opinion in that case holds that the court could only do with the suggestion of counsel what it could do without, and no more. But if the court could, of its own motion, inquire into a jurisdictional fact, would it be error to permit counsel to assist it in making the inquiry?"

Many years thereafter the same case, City of Jefferson v. Jones, 74 Texas, 635, came before this court on another appeal, and Judge Henry there stated broadly that "at any time before a judgment by default has been actually announced by the court a defendant has

the right to file his answer." In that case the record shows that the suit was brought in 1883, that a judgment was demanded on the 20th day of December, 1886, and that no answer was filed in the case until the succeeding day, December 21, 1886.

We think, in view of the fact that the answer in this case was filed only three days after appearance day and pending the determination of the suggestion of lack of service, that the action of the court in granting a default judgment was improvident and improper and that the court on timely application should have set aside the order and let the case stand for trial on its merits. From these conclusions it results that the judgments of the Court of Civil Appeals and District Court will be reversed and judgment by default be set aside and the cause remanded for further proceeding in accordance with law.                                  *Reversed and remanded.*