McALLEN et al. v. CRAFTS et al. (No. 5248.)

(Court of Civil Appeals of Texas. San Antonio. March 25, 1914. Rehearing Denied April 29, 1914.)

1. ABATEMENT AND REVIVAL (§ 61*)—DEATH OF PARTY—STATUTORY PROVISIONS.

Rev. St. 1911, art. 1886, providing that if a cause of action survives a suit shall not abate by reason of plaintiff's death, but that the executor, administrator, or heir may appear, and, upon a suggestion of such death, be made plaintiff, and article 1887, providing that, if no such appearance and suggestion be made at the first term scire facias shall be issued upon defendant's application for the executor, administrator, or heir to appear and prosecute the suit, failing to do which, the suit may be discontinued, applies only to cases in which there is only one plaintiff.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 314–319; Dec. Dig. § 61.*]

2. ABATEMENT AND REVIVAL (§ 75*)—PROCEEDINGS TO REVIEW—SUGGESTION OF DEATH.

Under Rev. St. 1911, art. 1890, providing that where there are two or more plaintiffs and one or more of them die, if the cause of action survive to the survivors, the suit shall not abate by reason of such death, but that, upon suggestion of such death being entered upon the record, the suit, at the instance of either party, shall proceed in the name of the survivors, the suggestion of death and its entry upon the record are conditions upon which any action is permitted by the court.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 441, 445–465, 467–482; Dec. Dig. § 75.*]

3. ABATEMENT AND REVIVAL (§ 61*)—DEATH OF PARTY—DISMISSAL.

Under Rev. St. 1911, art. 1890, it was improper for the court to dismiss a suit instituted by three plaintiffs, one of whom died pending the suit, without giving the survivors any opportunity to appear and prosecute the suit.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 314–319; Dec. Dig. § 61.*]

4. DISMISSAL AND NONSUIT (§ 81*)—REINSTATEMENT—NOTICE OF APPLICATION.

Where a final judgment was rendered dismissing a cause for want of prosecution, and the term at which it was rendered had ended, the court had no authority to render a judgment denying or granting a motion to reinstate it without reasonable notice of the motion to all of the defendants.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

5. APPEAL AND ERROR (§ 927*)—RECITALS IN JUDGMENT.

On appeal from a judgment sustaining exceptions to a motion to reinstate a cause dismissed for want of prosecution, it could not be presumed that all of the defendants were given notice of the motion, where the judgment recited that certain defendants were not served with notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by John McAllen and others against Rafaela L. Crafts and others. From a judgment sustaining exceptions to a motion to reinstate the cause after a dismissal for want of prosecution, plaintiffs appeal. Reversed and remanded, with instructions.

See, also, 139 S. W. 41.

J. D. Childs, of San Antonio, and Graham, Jones, West & Dancy, of Brownsville, for appellants. Jno. C. Scott, of Corpus Christi, for appellees.

FLY, C. J. This is an appeal from a judgment sustaining exceptions to a motion for a reinstatement of this cause which had been dismissed at a preceding term of the court for want of prosecution. There were three plaintiffs in the suit, John McAllen, James B. McAllen, and John Young, and about two months prior to the term of court at which the cause was dismissed John McAllen died and no executor or administrator for his estate had been appointed.

[1-3] Articles 1886 and 1887, Revised Statutes, are not applicable to any case except one in which there is only one plaintiff, and they are referred to merely because appellants attempt to apply them to their case. Article 1890 alone applies to cases in which there are two or more plaintiffs or defendants. In article 1890 it is provided: "Where there are two or more plaintiffs or defendants, and one or more of them die, if the cause of action survive to the surviving plaintiffs and against the surviving defendants, the suit shall not abate by reason of such death, but, upon suggestion of such death being entered upon the record, the suit shall, at the instance of either party, proceed in the name of the surviving plaintiffs or against the surviving defendants, as the case may be." We cannot ignore the provision as to the suggestion of death and its entry upon the record, for that is the condition upon which any action is permitted by the court. No such suggestion was made in this case, but the court dismissed a suit instituted by three plaintiffs, one of whom had died after institution of the suit, without giving the survivors any opportunity whatever to appear and prosecute the suit. That action was not justified by the statute.

It is insisted by appellees that there was no final judgment because no notice was given to any of the defendants except Kleiber, and therefore this appeal should be dismissed. If that contention be true, appellants would have the right to appear before the trial court in order to have the judgment made final, and we fail to see what appellees would gain by the dismissal. If the other defendants were not notified, the court should not have sustained demurrers to the petition for reinstatement, but should have

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

postponed the hearing until notice was given.

[4, 5] There had been a final judgment rendered . dismissing the cause, and the term at which it was rendered had ended, and it was absolutely necessary that the defendants should be given reasonable notice of the motion to set aside the judgment and reinstate the cause. De Witt v. Monroe, 20 Tex. 289; Coffee v. Black, 50 Tex. 117. The motion to reinstate was made as against all of the defendants, and it was fundamental error to entertain the motion before all the parties were notified. We might have presumed that all of them were notified but failed to answer, but we cannot indulge in that presumption, because it is recited in the judgment that Kleiber came, "but defendants Rafaela L. Crafts, John W. Hoert (executor of Welcome A. Crafts, deceased), Pilar Leal, Anastachio Leal, Faustino Villareal, and Eli Elstuar, were not served with notice of said application to set aside judgment and they came not." In order to properly consider the motion to reinstate the cause, all of the defendants should have been notified. The court had no right or authority to render a judgment denying or granting a motion to reinstate.

. The judgment will be reversed, and the . cause remanded, with instructions to the district court to have the defendants notified of the filing of the motion to reinstate, and upon a hearing. of the same apply the law as herein indicated and reinstate the cause.