UNITED MUT. FIRE INS. CO. v. TALLEY.
(No. 6086.)

(Court of Civil Appeals of Texas.   April 30,
1919.)

1. INSURANCE ⚹⚹635 — ACTIONS — ALLEGA-
   TIONS AS TO LOSS AND CAUSE THEREOF.
     In action upon a fire policy on household
   furniture and goods, a petition alleging that the
   dwelling in which such property was located
   was totally destroyed by fire, and that proof of
   loss of such property was thereafter furnished
   insurer, was sufficient, as against general de-
   murrer, to show destruction by fire of the
   goods insured.

2. INSURANCE ⚹⚹629(1) — PLEADING—ALLE-
   GATION AS TO CORPORATE CHARACTER OF IN-
   SURER—"MUTUAL CHARTERED COMPANY."
     In action against an insurance company, al-
   legation that defendant was "a mutual char-
   tered company doing business in the state" was,
   as against a general demurrer, a sufficient al-
   legation of defendant's corporate status, the
   words "mutual chartered company" ordinarily
   meaning an incorporated company.

3. INSURANCE ⚹⚹626—SERVICE OF CITATION—
   SERVICE ON AGENT.
     Return of service of citation, in an action
   against an insurance company, which shows
   a delivery in person to its local agent of a true
   copy of the writ, is sufficient to show service
   upon the company.

     Error from McLennan County Court;
Jas. P. Alexander, Judge.

     Action by E. K. Talley against the United
Mutual Fire Insurance Company.   From a
judgment for plaintiff, defendant brings er-
ror.   Affirmed.

     A. B. Wilson, of Houston, and Shurtleff
& Cummings, of Waco, for plaintiff in error.
     Alva Bryan and W. B. Carrington, both
of Waco, for defendant in error.

     BRADY, J.   This writ of error was sued
out from a default judgment rendered in
favor of defendant in error against plaintiff
in error, upon a certain fire insurance policy.
The grounds relied upon for a reversal are
substantially that the plaintiff's petition was
subject to general demurrer and insufficient
to support a judgment by default, and that
there was no legal service.
     [1] It is claimed that the petition was
fatally defective because it did not allege
that the property insured was destroyed by
fire.   The record discloses that plaintiff al-
leged the issuance to him by defendant for
a valuable consideration of an insurance pol-
icy, insuring his household furniture and
goods in the sum of $400.   The allegations
with regard to the fire are contained in the
following paragraph:

     "Plaintiff further alleges that on or about the
12th day of January, 1917, the dwelling in
which said household goods and furniture was
located was totally destroyed by fire, and that
the loss thereon was in the full sum of $400;
that within 24 hours thereafter plaintiff fur-
nished to defendant proof of loss on said fur-
niture and household effects, as aforesaid, and
made demand upon defendant for the payment
of said sum of money under said policy, and
defendant promised and agreed to pay same;
that from said time and up to the time of the
institution of this suit defendant had led plain-
tiff to believe that they would in a few days
pay said policy; that they have failed and re-
fused to pay same, or any part thereof, to
plaintiff's damage in the sum of $650."

     As against a general demurrer, we regard
the averments of the petition as sufficient
to show a claim of destruction by fire of the
household goods and furniture covered by
the policy.   The petition must be considered
as a whole as against the objection urged;
and, when so viewed and every reasonable
intendment allowed, we think it states a
good cause of action.   Therefore the first
assignment is overruled.
     [2] It is next urged that the court erred
in rendering judgment for defendant in er-
ror, because it was not alleged in the peti-
tion that plaintiff in error was a corporation
or joint-stock association, and that no serv-
ice was shown to have been had upon it
except through an agent, which is only au-
thorized where the defendant is a corpora-
tion.   The statute authorizes service upon
either a corporation or joint-stock association
by delivery to the local agent representing
the company in person a true copy of the
writ of citation.   The allegation in the pe-
tition as to the corporate character or capac-
ity of plaintiff in error was that it was "a
mutual chartered company doing business
in the state of Texas, with its general office
in Houston, Texas."   The sheriff's return
on the citation was as follows:

     "Came to hand on the 15th day of May, A.
D. 1917, and executed on the 18th day of May,
A. D. 1917, by delivering to P. A. Goodall, lo-
cal agent representing the United Mutual Fire
Insurance Company of Houston, Texas., in Wa-
co, McLennan county, Texas, the within named
defendant in person, a true copy of this writ."

     We regard the allegation above quoted as
being equivalent to an averment that plain-
tiff in error was a domestic corporation, or
incorporated company, at least in the ab-
sence of a special exception.   The words
"mutual chartered company," in their ordi-
nary signification, import the meaning of
an incorporated company, having a charter
and invested with rights and privileges as
a corporation under legislative act.   Under
our laws, we perceive no other meaning that
could be attributed to the phrase; and, as

⚹⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against a general demurrer, we think was sufficient allegation of the corporate status of plaintiff in error. The judgment was against it as a corporation, and it is not contended that it is not such in law. Regarding this assignment as without merit, it is likewise overruled.

[3] The only other question remaining is the claim that the court erred in rendering judgment for defendant in error, because the return of the citation shows upon its face that no service was had upon plaintiff in error, as required by law; the service being upon P. A. Goodall, individually. The return in this case shows a delivery in person to the agent of plaintiff in error of a true copy of the citation. The agent was the same person named in the petition and in the citation, and the return is in substantial compliance with the statutes. It is, of course, impossible to follow the literal directions of the statute, to deliver in person to a corporation a copy of the writ, but the statute prescribes that service may be had upon an incorporated company or joint-stock association by serving the citation upon the local agent representing such company in the county in which the suit is brought. The requirement that a true copy of the writ of citation must be delivered to the defendant is met by delivery in person to such local agent, who represents the corporation. Therefore we overrule the last assignment. In support of this holding, we cite the following: Railway Co. v. Burke, 55 Tex. 329, 40 Am. Rep. 808; Railway Co. v. Scoggin, 57 Tex. Civ. App. 349, 123 S. W. 229; Delaware Ins. Co. v. Hutto, 159 S. W. 73.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.