CHAFFIN et al. v. WM. J. LEMP BREWING CO. et al.   (No. 1404.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1923. Rehearing Denied March 1, 1923.)

1. Corporations ☞668(16) — Uncontroverted affidavit that agent served was in fact not defendant corporation's agent held to justify a finding of no service.

Where a corporation was sought to be sued by service on its agent in a certain county, and the alleged agent filed an affidavit that it was not the agent of the corporation and as amicus curiæ suggested that there was no service on the corporation, an issue as to the agency was raised which made it the duty of the court to hear evidence thereon and of plaintiff to offer evidence sustaining the allegation that the alleged agent was such in fact, and, in the absence of such evidence, the court was authorized in believing the denial in the affidavit and entering judgment accordingly.

2. Corporations ☞668(1)—Service of alias citation upon agent not shown to be such held to confer no jurisdiction.

Where an alias citation was served on the purported agent of a corporation, without any allegation or evidence showing that he was such agent, the service of the citation conferred no jurisdiction over the person of the corporation.

3. Dismissal and nonsuit ☞60(1)—Dismissal for want of prosecution proper on refusal to proceed against defendants remaining after death of one of them.

Where a defendant, who was not a necessary party to the suit, died pending suit, and the cause of action survived against the remaining defendants, it was not error to dismiss for want of prosecution, upon plaintiff's refusal to proceed against the remaining defendants, in view of Rev. St. 1911, § 1890, providing that if one of two or more defendants die, if the cause of action survives as to the remaining defendants, the suit shall not be abated by reason of such demand, but shall proceed against the remaining defendants and in view of articles 1886 and 1888, dealing with cases in which there is a single plaintiff or defendant.

4. Dismissal and nonsuit ☞60(9)—Dismissal of intervention proper, where intervener failed to appear on date set for trial.

Where an intervener failed to appear either in person or by attorney upon the date set for trial, dismissal of the intervention was authorized.

5. Bankruptcy ☞390—Bankrupt held to have interest in exempt property authorizing prosecution of suit, notwithstanding bankruptcy.

Where plaintiff in an action became bankrupt, an allegation in his behalf that part of the property alleged to have been converted was exempt from execution, *held* to show such an

---

interest in him as to authorize the prosecution of a suit by him with respect to the exempt property, notwithstanding the bankruptcy and the appointment of a trustee, whose intervention had been dismissed.

**6. Corporations ⬤⟳669—Appointment of attorney to represent corporation after service by publication held proper.**

Under Rev. St. 1911, art. 1941, it was not error to appoint an attorney to represent a brewing company sought to be served by publication, where no answer had been filed nor appearance entered.

**7. Costs ⬤⟳45—Judgment for deceased defendant for costs held improper.**

Where, pending a suit, one of several defendants died, it was error to render judgment in his favor for costs after the suggestion of his death, an abatement and dismissal of the suit on account of such death being the proper form of judgment.

### On Rehearing.

**8. Process ⬤⟳45—Alias citation, omitting name of intervening trustee in bankruptcy for plaintiff, held defective.**

Where, after plaintiff became bankrupt, an alias citation against defendant was served, but such citation failed to show that the trustee in bankruptcy was a party to the suit by intervention, the citation was defective under Rev. St. 1911, art. 1852, requiring it to state the names of all the parties, and a judgment rendered on such service will not support the judgment by default.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by W. R. Chaffin against the Wm. J. Lemp Brewing Company and others, in which M. L. Naquin intervened. There was a judgment for defendants, and plaintiff and intervener appeal. Reformed and affirmed.

M. W. Stanton, of El Paso, for appellants. Goggin, Hunter & Brown, of El Paso, for appellees.

HIGGINS, J. On August 21, 1918, appellant Chaffin filed this suit against the Wm. J. Lemp Brewing Company (hereinafter designated brewing company), a corporation, the Fidelity & Deposit Company of Maryland, a corporation, E. H. Yale, doing business under the name of Western Transfer & Storage Company, J. J. Longwell, and Seth B. Orndorff, sheriff. The suit was for damages for the alleged wrongful seizure and conversion of personal property belonging to Chaffin, the allegations in brief being as follows: That theretofore the brewing company had filed suit against Chaffin upon debt and had wrongfully procured the issuance of an attachment which by Orndorff, as sheriff, had been levied upon certain personal property, a portion of which was exempt and which property so seized by the sheriff had been by

him stored with Longwell; that the Fidelity & Deposit Company was the surety upon the attachment bond given by the brewing company; that in said suit, at the instance of the brewing company, a writ of garnishment had issued against Yale and served and in response thereto Yale answered that he had in his possession certain personal property of Chaffin which had been stored for safe-keeping; that Longwell and Yale were each claiming exorbitant storage charges upon the personalty in their possession, and in effect it was further alleged that Longwell and Yale, at the time of the issuance of the writs of attachment and garnishment and since, were aiding, advising, and acting with the brewing company in the premises, had refused to permit Chaffin to examine the property in their possession, had approved, ratified, and confirmed the illegal and wrongful acts of the brewing company, and had thereby converted the property to their own use.

All of the defendants answered, except the brewing company. In the petition it was alleged that the agent of the brewing company in El Paso county, was Houck-Dieter Company. The original citation was served upon F. G. Lemly, secretary and director of the Houck-Dieter Company, who filed an affidavit that neither he nor the Houck-Dieter Company were agents of the brewing company when the citation was served nor at any subsequent time, and as amicus curiæ suggested to the court that there was no service upon the brewing company.

Chaffin became a bankrupt, and M. L. Naquin was appointed trustee of his estate. On May 22, 1919, the trustee intervened in the suit, adopting the allegations of Chaffin's petition and praying for the issuance of alias citations to El Paso county "and to other counties in the state of Texas, in which Wm. J. Lemp Brewing Company has an agent."

On August 16, 1919, alias citation issued to Webb county, which was returned showing service upon Joe Moser, agent for the brewing company. This citation was issued without any allegation having been made of Moser's agency for the brewing company, nor does the citation designate him as agent.

On September 2, 1919, and, upon motion of Chaffin, a judgment was rendered in his favor by default in the sum of $6,300 damages, actual and exemplary. Subsequently the court of its motion set this judgment aside, being of the opinion that the service was insufficient.

On March 1, 1922, the Fidelity & Deposit Company filed a motion to dismiss the case for want of prosecution, which upon the same date was granted. Thereafter a motion to reinstate was overruled, and Chaffin and Naquin appeal.

Numerous errors are assigned, but the controlling issues presented are limited. The

---

first question relates to the right of appellants to judgment by default against the brewing company for want of an answer, and the correctness of the court's action in setting aside the default judgment rendered on September 2, 1919.

The affidavit and suggestion as amicus curiæ by Lemly raised an issue as to the agency of the Houck-Dieter Company for the brewing company, and it was the duty of the court to hear evidence upon the same, and the duty of appellants to offer evidence substantiating their allegation that the Houck-Dieter Company was the agent of the brewing company. Ry. v. Cox, 105 Tex. 40, 143 S. W. 606; Ry. Co. v. Anderson, 105 Tex. 1, 141 S. W. 513, Ann. Cas. 1915A, 198; Olsen v. Ins. Co., 11 Tex. Civ. App. 371, 32 S. W 446.

[1, 2] In the absence of evidence adduced by plaintiff in support of its allegation, the court had the right to believe the denial contained in the affidavit. The court's action involved a finding in support of the affidavit, and its finding upon the issue controls. The alias citation was issued without any allegation showing that Moser was the brewing company's agent in Webb county, and no evidence aliunde was offered to show that he was. Upon this state of facts the court correctly held that the service of the alias citation conferred no jurisdiction over the person of the brewing company. G. H. & S. A. v. Gage, 63 Tex. 568; Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903; National Equitable Society v. Tennison (Tex. Civ. App.) 174 S. W. 978; E. P. & S. W. v. Kelly (Tex. Civ. App.) 83 S. W. 855; Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 614. Nor is there any merit in the suggestion that the brewing company had entered an appearance. Ry. Co. v. Anderson, supra. Nor does the record disclose the existence of the facts upon which this contention is predicated.

The next error assigned relates to the court's action in sustaining the motion to dismiss for want of prosecution filed by the Fidelity & Deposit Company on March 1, 1922. The facts in this connection, as disclosed by the record, are not altogether clear, but with reasonable certainty appear to be as follows: The case was set for trial on March 1, 1922, whereupon Chaffin appeared by his attorney and the Fidelity & Deposit Company by its attorney, and plaintiffs' attorney announced that he was not ready for trial and refused to proceed, calling attention to the fact "that a complication had arisen in reference to the service and return of citation by publication, and also contended that, under the condition shown by the record and proceedings in this cause, the said cause should not have been assigned for hearing, or set for trial, and after the citation and return of service had by publication on defendant, Wm. J.

Lemp Brewing Co., had been produced by plaintiff to be filed by the constable in this cause, the plaintiff again declined to announce ready for trial, or proceed with the trial of the case." Thereupon the Fidelity & Deposit Company presented its motion to dismiss; thereupon the plaintiff filed and submitted to the court a suggestion in writing that Yale had died subsequent to the filing of his answer, and his wife, Alma H. Yale, had been appointed and qualified as the executrix of his estate, and as such had come into possession of $37,000 belonging to his estate. The date of Yale's death is not shown, but it was stated in the suggestion that plaintiffs' attorneys were not advised of his death until after the issuance of the writs of attachment and garnishment in this cause, and by reference to those writs it appears that they were issued September 5, 1921. The suggestion prayed "that an order be made and entered of record pursuant to the above suggestion, and the statute of Texas, showing the death of the said Yale, and the said plaintiff prays that there be incorporated in said order the necessary provisions in reference to issuance of process, requiring the said executrix and devisee to appear and in answer of said cause as the law provides, and said plaintiff prays that said cause be continued to make the executrix and devisee of E. H. Yale, parties to this suit." The plaintiff still refusing to proceed, the court thereupon sustained the motion to dismiss.

The fact of Yale's death is not contested. At common law a suit abated upon the death of the plaintiff or defendant. If the cause of action survived, the suit had to be commenced again by or against the legal representative of the deceased party. Alexander v. Barfield, 6 Tex. 400. At early common law, in all actions where there were two or more plaintiffs, the death of one of them, pending the suit, abated the action. Haven v. Brown, 7 Greenl. (Me.) 421, 22 Am. Dec. 208; 1 R. C. L. 21. But by statute it was later provided in England that, where two or more persons brought an action and during the pendency thereof one of the plaintiffs died, the action did not thereby abate, but was allowed to proceed in the name of the survivor, provided the cause of action survived. Stats. 8 & 9 Wm. III, c. 11, § 7; 1 R. C. L. 21. And actions against two in tort, as in trespass, trover, and the like were not abated by the death of one of the defendants, except as to him, each being answerable for the wrong. 1 R. C. L. 22; Baker v. Braslin, 16 R. I. 635, 18 Atl. 1039, 6 L. R. A. 718.

These rules of the common law were materially modified by the act of May 13, 1846, regulating proceedings in the district court. Acts 1846, p. 363; 2 Gammel's Laws of Texas, p. 1669. Section 36 of that act reads:

"That in all suits where there are two or more plaintiffs or defendants, and one or more

of them die, if the cause of action survive to the surviving plaintiff or plaintiffs, and against the surviving defendant or defendants, the suit shall not abate by reason of such death, but upon suggestion of such death being entered upon the record, at the instance of either party, his agent or attorney, the suit shall proceed in the name of the surviving plaintiff or plaintiffs or against the surviving defendant or defendants as the case may be."

Section 38 of the act reads:

"That in all suits where the plaintiff may die before verdict, if the cause of action survive, the suit shall not abate therefor, but it shall be lawful for the legal representative of such plaintiff, his agent or attorney, to appear, and upon suggestion of such death being upon record, such representative may be made party to such suit, and the same shall proceed in his name; but if no such suggestion be made, as aforesaid, at the first term of the court after such death, it shall be the duty of the clerk, upon the petition of the defendant, his agent or attorney, to issue a scire facias, which shall be served upon the legal representative of such deceased plaintiff, requiring him to appear and prosecute said suit, and after the service of said scire (facias?) if he fail so to do, during the first four days after the meeting of the court to which such scire facias is returnable, the defendant may, on motion, have such suit discontinued; and in cases where executors or administrators shall be plaintiffs in any suit, and shall die or cease to be such executor or administrator before verdict, the suit shall not abate therefor, but the suit may be continued in like manner by the person succeeding him in the administration of the same estate, or the suit may, in like manner, be discontinued."

Section 39 of the act reads:

"That in all suits where the defendant may die before verdict, if the action survive, the suit shall not abate therefor, but upon a suggestion of such death being entered upon the record, in open court, or upon a petition of the plaintiff representing that fact, being filed in the clerk's office, it shall be the duty of the clerk to issue a scire facias to the legal representatives of such defendant, and upon the return thereof executed, such representative shall be made a party to such suit, and the same shall proceed against him; and in case where an executor or administrator shall be defendant, and shall die, or cease to be such executor or administrator, before verdict, the suit shall not abate therefor, but the suit may be continued in like manner, against the person succeeding him, in the administration of the same."

These provisions have been carried forward in the subsequent codifications. Those portions thereof pertinent to the question presented appear in the Revised Statutes of 1911 as articles 1890, 1886, and 1888, respectively, and read as follows:

Article 1890. "Where there are two or more plaintiffs or defendants, and one or more of them die, if the cause of action survive to the surviving plaintiffs and against the surviving defendants, the suit shall not abate by reason of such death, but, upon suggestion of such death being entered upon the record, the suit shall, at the instance of either party, proceed in the name of the surviving plaintiffs or against the surviving defendants, as the case may be."

Article 1886. "Where in any suit the plaintiff shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but the executor or administrator, and if there be no administration, and no necessity therefor, then the heir of such deceased plaintiff may appear, and, upon a suggestion of such death being entered of record, in open court, may be made plaintiff in such suit, and the suit shall proceed in his name."

Article 1888. "Where in any suit the defendant shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but, upon a suggestion of such death being entered of record in open court, or upon a petition of the plaintiff, representing that fact, being filed with the clerk, it shall be his duty to issue a scire facias for the executor or administrator, and, in a proper case, for the heir of such deceased defendant, requiring him to appear and defend the suit; and, upon the return of such service, the suit shall proceed against such executor, administrator or heir, and such judgment may be rendered therein as may be authorized by law."

It will be noted that in the original act, sections 38 and 39 prescribe the practice in cases in which the sole plaintiff or defendant dies and that the corresponding articles 1886 and 1888 in the Revised Statutes are likewise limited to such cases. Section 36 of Act 1846 and its corresponding article 1890, in the present codification prescribes the practice in cases in which there are two or more plaintiffs or defendants. It is thus apparent that, in undertaking to modify the common-law rule that death of a party abates the suit, the legislative authority has prescribed a procedure in cases where there are two or more plaintiffs or defendants different from that prescribed where there is a single plaintiff or defendant. See Townes on Pleading (1st Ed.) p. 445, and McAllen v. Crafts (Tex. Civ. App.) 166 S. W. 3.

Articles 1886 and 1888 deal with cases in which there is a single plaintiff or defendant and abrogate the common-law rule of abatement therein, provided the cause of action survives and permits the substitution and prosecution or defense of the suit to be continued by or against the legal representatives of the decedent or, in a proper case, by or against his heirs.

Article 1890 deals with cases wherein there are two or more plaintiffs or defendants, and in the case of a deceased plaintiff and survival of the cause of action to the surviving plaintiffs in effect adopts the provision of the English statute and provides that the suit shall proceed in the name of the surviving plaintiffs. In cases wherein one of the defendants dies with survival of the cause of action against the surviving defend-

ants, it provides that the suit shall proceed against the surviving defendants. As to a deceased defendant, this does not seem to have modified in any material respect the rule as it then existed at common law, as applied to actions in tort for property damage, wherein each defendant was answerable for the wrong. This article makes no provision whatever for the substitution of the legal representatives or heirs of a deceased party, but says that "upon suggestion of such death being entered upon the record, the suit *shall, at the instance of either party, proceed*," etc. (Italics ours.)

[3] The death of Yale had been suggested, the cause of action survived against the remaining defendants, the motion to dismiss by the Fidelity & Deposit Company in effect was an insistence by it that the cause proceed against the surviving defendants, and the plaintiff refusing so to do, the motion was properly sustained. Yale was not a necessary party to the suit, and it could be recommenced against his executrix.

[4] In so far as the intervener Naquin is concerned the order of dismissal was correct, for the further reason that, upon the date set for trial, he failed to appear, either in person or by attorney. This alone abundantly authorized the dismissal of his intervention.

[5] In view of Chaffin's bankruptcy and the appointment of Naquin as the trustee of his estate, it should be said, in explanation of our action in passing upon the merits of Chaffin's complaint against the order of dismissal, that he alleged that a part of the property converted was exempt from execution. This allegation shows such an interest in him as would authorize the prosecution of the suit by him with respect to the exempt property, notwithstanding his bankruptcy and the appointment of Naquin as trustee.

The rulings of the court made on March 4, 1922, become immaterial, in view of the rulings above made. Furthermore, they involve an adverse finding of fact against appellants, which the evidence warrants, and this court would not be justified in setting same aside.

[6] The action of the court in appointing an attorney to represent the brewing company, after the service of citation by publication, presents no error. Article 1941, Revised Statutes. As to those assignments relating to a motion filed by the plaintiff on September 5, 1921, it does not appear that the action of the court thereon was ever invoked nor acted upon by it. The eighteenth assignment reads:

"There was error in the action of the court in dismissing said cause as shown by the following provisions of said order, made on March 1, 1922, to wit: It is hereby considered, ordered, and adjudged by the court that said suit be and the same is hereby dismissed and that the defendants, and each of them, go hence without day, and that they recover of and from the intervener, M. L. Naquin, trustee in bankruptcy, in his said capacity as trustee, and the said plaintiff, Wm. R. Chaffin, and J. A. Escajeda, T. C. Lyons, and J. S. Daugherty, sureties upon the cost bond of said Wm. R. Chaffin, filed herein, all costs by them, respectively, in this behalf incurred, for which they may have their execution."

Subdivision A of the twenty-fifth assignment reads:

"The action of the trial court in rendering judgment in favor of E. H. Yale, deceased, and against plaintiff and the sureties on his cost bond, after suggestion of death and notice thereof, was wholly erroneous, illegal, and void, and should be set aside."

[7] There seems to be no separate propositions submitted based upon these two assignments. However, all assignments were submitted as propositions. The two assignments quoted do not undertake to state the reasons why it is contended there was error, and we are left to conjecture as to the point appellants make in this connection. But the form of the judgment was incorrect. As to Yale, it should have ordered the *abatement* and dismissal of the suit on account of his death. Yale being dead, there was no authority to render judgment in his favor for costs.

The judgment will be reformed so as to correct this matter. No doubt the trial court would have corrected this inaccuracy, had its attention been specifically directed thereto. For this reason the costs of appeal will be taxed against appellants, notwithstanding the reformation. All other questions presented are regarded as immaterial and without merit.

Reformed in the particular indicated, and affirmed.

### On Rehearing.

In their motion for rehearing, appellants say:

"The appellants, and each and both of them, waived and conceded by implication, if not expressly, the issues made, as stated by the court, that is whether or not the Houck-Dieter Company was the agent for the brewing company, and in effect conceded they were not, and no question is or could be presented to this court that would be material in this appeal, as to the agency vel non of the Houck-Dieter Company. Appellants having alleged that the brewing company was engaged in business in other counties in Texas proceeded without objection to have other process issued, and such issues cannot legally be raised in this court."

This admission narrows the question of jurisdiction over the person of the brewing company down to the service of the alias citation issued to Webb county and served on Joe Moser. The sheriff's return states that

it was served on Joe Moser, "the duly authorized local agent for service on said Wm. J. Lemp Brewing Co., at Laredo, Webb county, Texas."

It is earnestly insisted that the service of the alias citation upon Joe Moser, as shown by the sheriff's return was sufficient of itself to authorize and require the rendition of the default judgment. In this connection it may be well to state the fact not shown in the original opinion, that the citation did not give the name of Moser as the agent of the brewing company in Webb county; and the further fact that the petition of Chaflin, upon which the citation was issued, did not allege the agency of Moser in Webb county. The allegation of the petition was:

"That defendant Wm. J. Lemp Brewing Company is a corporation duly incorporated at this time, and upon the dates hereinafter mentioned has and had an office and agent in El Paso county, Texas, and is now engaged in business at El Paso county, Texas, and other points in the state of Texas, and that the Houck-Dieter Company, which resides in El Paso county, Texas, is the duly authorized agent and manager of the business of said defendant, Wm. J. Lemp Brewing Company in the county of El Paso, Texas."

In this state of the record we are clearly of the opinion, under the authorities cited in the original opinion, that judgment by default against the brewing company, based upon the service of the alias citation upon Moser, would not be proper, unless proof was made aliunde the sheriff's return that Moser was the appellant's agent in Webb county.

[8] But whether that conclusion is correct or not there is another conclusive reason in support of the trial court's action respecting the default judgment. The statute requires that the citation "shall state * * * the names of all the parties. * * *" Article 1852, R. S. It has been repeatedly held that a citation which failed so to do will not support a judgment by default. Some of the cases to this effect are as follows: Burleson v. Henderson, 4 Tex. 49; Heath v. Fraley, 50 Tex. 209; Higgins v. Shepard, 48 Tex. Civ. App. 365, 107 S. W. 79; Bilby v. Rodgers, 58 Tex. Civ. App. 432, 125 S. W. 616; Moran O. & G. Co. v. Anderson (Tex. Civ. App.) 223 S. W. 1033; McCaully v. Bank (Tex. Civ. App.) 173 S. W. 1000; Fire Ins. Co. v. Talley (Tex. Civ. App.) 211 S. W. 653.

The citation to Webb county was issued subsequent to the date of the intervention by Naquin, the trustee, who intervened under leave of court and adopted the allegations of the plaintiffs' petition and asked judgment accordingly. Such citation failed to show that Naquin was a party to the suit. His name is not mentioned therein. Under the authorities, this citation, by reason of such omission, was insufficient to support a default judgment against the brewing company. This defect in the citation was not called to our attention, and was not observed by us until this time.

The motion for rehearing is overruled.